DYAS *v.* THE STATE.

The venue for a prosecution, under the act of 1903, for cheating and swindling (Acts 1903, p. 90), is in the county where the advance is received. It follows that where the accusation lays the venue in one county, and the evidence discloses the advance to have been received in another county, the evidence does not support the verdict.

　　　　Submitted October 15, — Decided November 7, 1906.

Accusation of misdemeanor.  Before Judge Crisp.  City court of Americus.  July 10, 1906.

*G. C. Webb* and *G. R. Ellis,* for plaintiff in error.

*Allen Fort, Jr., solicitor,* contra.

ATKINSON, J.  In the city court of Americus the defendant was convicted under an accusation charging him with the offense of cheating and swindling, under the act of 1903 (Acts 1903, p. 90). The venue was laid in Sumter county.  Upon the trial, the evidence disclosed that while the agreement to labor was made in the

county of Sumter, where the labor was intended to be performed, the written contract to labor was executed in the county of Lee; that the application for the advance was made in the county of Lee, and the advance was actually made and received in that county. Obtaining the money with the intention not to perform the contract, where loss to the hirer results, is the gist of the offense. That was the criminal act of the defendant which damaged the prosecutor. This having been accomplished in Lee county fixed the venue of the offense there, and the court in Sumter county was without jurisdiction. A new trial should have been granted.

*Judgment reversed. All the Justices concur.*