## STEWART v. BLALOCK-McCOLLUM-ROBERTS COMPANY.

1. In a money rule to distribute a fund in the hands of a sheriff, the movant claiming under a common-law judgment and an execution issued on the foreclosure of a chattel mortgage, and the other contestant claiming under a distress warrant sworn out against the defendant from whose property the fund arose, the movant could attack such distress warrant as far as it conflicted with his claim to the fund, and allege and show that the rent claimed had been paid.

2. Where a movant in a money rule desired to amplify his allegations and to set up that the rent claimed to be due to a landlord contesting for

the fund had been paid, erroneously terming an additional pleading filed for that purpose an "intervention" instead of an amendment did not render it demurrable.

3. Such pleading did not involve or require a traverse of the answer of the sheriff to the effect that he had a certain sum in his hands, that certain writs had been deposited with him to claim it, and that he asked direction as to its distribution.

4. There was no error in overruling the demurrer.

5. In a contest for money in the hands of a sheriff, where one of the contestants sought to have the fund applied to the payment of a distress warrant, the defendant in fi. fa. was a competent witness, on behalf of another contestant, to prove that the rent for which the distress warrant was sworn out had been paid, so as to establish the priority of right of such other contestant to have the fund applied to his claims.

(a) There is no analogy between such a case and a claim interposed by a third party to property levied on under an execution.

6. Where, on the trial of a money rule under which there were but two contestants, one of whom placed in the hands of the sheriff a mortgage fi. fa. and a common-law execution, and brought a rule to have the fund in the hands of the officer applied to such claims, and the other of whom claimed the fund under a distress warrant, a general verdict in favor of the movant will be given a reasonable construction and held to mean that the fund should be applied to the payment of the execution so held by him, after payment of costs; and if any amount should remain, that it should be applied to the claim of the other contestant, who holds a distress warrant, so far as necessary to discharge it.

(a) Direction is given that the judgment be amended accordingly.

7. The defendant in fi. fa., not having on his own behalf contested the distress warrant in the manner provided by law, could not, under a money rule to which only holders of executions and the sheriff were parties, take any sum required to pay such contesting claims and costs.

NOVEMBER 20, 1912.

Money rule. Before Judge Daniel. Fayette superior court. January 12, 1912.

*J. W. Culpepper,* for plaintiff in error. *J. W. Wise,* contra.

LUMPKIN, J. The sheriff had in his hands a fund arising from the sale of property of a defendant in fi. fa. The Blalock-Mc-Collum-Roberts Company brought a money rule to have the fund applied to the payment of executions based on the foreclosure of a chattel mortgage and a common-law judgment respectively, both of which it had lodged with the sheriff. Mrs. L. B. Stewart also placed with the sheriff a distress warrant. The movant filed an additional pleading, which it called "an intervention," attacking the claim of Mrs. Stewart on the ground that the rent for which she caused the distress warrant to be issued had been paid. This should have been called an amendment, rather than an interven-

tion, but the name is not material. No objection was raised as to a lack of formal allowance, and the ruling of the judge showed his approval. The jury found a general verdict in favor of the movant. The pleadings and evidence showed the nature and amount of the claims. The verdict must be given a reasonable intendment, and will not be avoided except from necessity. Civil Code, § 5927.

The defendant in fi. fa. made no defense to the distress warrant in the manner pointed out by law. As to him the holder of it could have applied thereto, so far as necessary, any part of the fund remaining after paying costs and the claims of the successful contestant, if any remained. It would perhaps be better for the judgment to so state, though the balance, if any, seems small. Direction is given that it be amended accordingly.

*Judgment affirmed, with direction. All the Justices concur.*