### 9223. FORD v. THE STATE.

BLOODWORTH, J. 1. By the act of 1911 (Ga. L. 1911, p. 149, Park's Penal Code, § 1101 (a)) it is provided that "no judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." The indictment alleges that the crime was committed on the

30th day of June, 1917. The evidence is: "The date of this is about June 30th." It is urged in the brief of the plaintiff in error that "the evidence in this case does not show that the alleged offense was committed within the statute of limitations;" but this particular point was not specifically raised in the motion for a new trial, as required by the statute quoted above, and therefore affords no reason for the grant of a new trial. *Wall* v. *State*, 10 *Ga. App.* 136 (82 S. E. 934); *Marshman* v. *State*, 138 *Ga.* 864 (2) (76 S. E. 572).

2. A jury trial was not demanded, and there was sufficient evidence to authorize the judge of the city court, trying the case, to find that the offense charged was committed by the defendant.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED DECEMBER 19, 1917.

Conviction of misdemeanor; from city court of Savannah— Judge Rourke. September 29, 1917.

*Shelby Myrick*, for plaintiff in error.

*Walter C. Hartridge, solicitor-general*, contra.