### 14549. POWERS v. THE STATE.

That the time of the commission of the crime preceded the finding of the indictment is sufficiently shown by the evidence.

The point that the evidence did not show that the crime was committed prior to the finding of the indictment should have been raised specifically in the motion for a new trial.

DECIDED JUNE 12, 1923.

Accusation of sale of liquor, etc.; from city court of Blackshear — Judge Mitchell. March 31, 1923.

*E. L. Bowen, J. R. Thomas & Son,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.

BLOODWORTH, J. 1. In his brief counsel for the plaintiff in error insists that a new trial should be granted because " the burden is upon the State to prove that the offense was committed, if committed at all, prior to the finding of the indictment." The indictment, which charged the defendant with selling intoxicating liquor, and with keeping it on hand at his place of business, was found at " September call term, 1921." The witness for the State, who testified to the purchase of whisky from the defendant swore that he bought the whisky in the February prior to the time he was carried before the grand jury " at the September call term, 1921." This evidence was sufficient to show that the crime was committed " prior to the finding of the bill of indictment." Moreover, this particular point was not specifically raised in the motion for a new trial, as required by the act of 1911 (Ga. L. 1911, p. 149; Parks Penal Code, § 1101 (a)). See *Ford* v. *State,* 21 *Ga. App.* 499 (1) (94 S. E. 627).

2. Only the general grounds were contained in the motion for a new trial, and the evidence abundantly supported the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*