24720. MILLER *v.* THE STATE.

DECIDED MAY 17, 1935.

*William E. Mann, W. G. Mann,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

GUERRY, J. ■ The defendant was indicted at the April term, 1934, of Whitfield superior court for possessing liquor. He was tried and convicted at the October term, 1934. The brief of evidence, approved by the trial judge as being correct, and contained in the record before this court, tends to show that on the "—— day of ——————, 1934," the defendant possessed liquor. Counsel for the defendant argues in this court that because the evidence did not disclose that the illegal act,—possession of liquor,—testified about occurred prior to the return of the indictment, the judge erred in failing to grant a new trial. The case comes to this court upon the usual general grounds only. Ordinarily, the assignment of error that "the verdict is contrary to evidence and without evidence to support it" would be a sufficient assignment of error to raise the question argued by counsel. See, in this connection, *Kolman* v. *State,* 124 *Ga.* 63 (52 S. E. 82); *Dyas* v. *State,* 126 *Ga.* 556 (55 S. E. 488); *Tipton* v. *State,* 119 *Ga.* 304 (46 S. E. 436); *Patton* v. *State,* 80 *Ga.* 714 (6 S. E. 273); *Chambers* v. *State,* 85 *Ga.* 220 (11 S. E. 653). However, under the act of 1911 (Code of 1933, § 6-1609), "No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue *or of the time of the*

264

*commission of the offense* (italics ours), save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." Therefore such an assignment of error is not sufficient, and the particular question, not having been specifically raised, can not be considered by this court. See *Hammond* v. *State,* 28 *Ga. App.* 680 (113 S. E. 221); *Ford* v. *State,* 21 *Ga. App.* 499 (94 S. E. 627); *Powers* v. *State,* 30 *Ga. App.* 371 (118 S. E. 61); *Garrett* v. *Atlanta,* 152 *Ga.* 675 (110 S. E. 886); *Parrish* v. *State,* 10 *Ga. App.* 836 (74 S. E. 445); *Brown* v. *State,* 38 *Ga. App.* 196 (143 S. E. 457); *Downs* v. *State,* 175 *Ga.* 439 (165 S. E. 112); *Greenfield* v. *State,* 14 *Ga. App.* 603 (81 S. E. 814); *Moore* v. *State,* 14 *Ga. App.* 255 (80 S. E. 507); *Dennis* v. *State,* 19 *Ga. App.* 446 (91 S. E. 783); *Marshman* v. *State,* 138 *Ga.* 864 (76 S. E. 572).

We are of the opinion that the evidence supports the verdict. There was sufficient evidence for the jury to find that the defendant placed a sack, which later proved to contain liquor, in the truck of one Lum Cagle, a witness for the State, in which he was riding at the time of its discovery, and was therefore guilty of possessing liquor, contrary to law.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*