## HARDIN v. THE STATE.

1. The testimony of an accomplice, since deceased, given upon a trial in a court of inquiry, may be proved on the final trial of the same case in the superior court, by any one who heard it, and who professes to remember the substance of the entire testimony in reference to the particular matter about which he testifies.

2. There is no merit in the exceptions to the charge of the court.

3. In the absence of a proper and pertinent written request for instructions thereon, the court is not bound to give in charge the law of a theory of the case arising solely from the statement of the accused.

4. Evidence alleged to be newly discovered is not cause for a new trial, when it appears that the accused had full knowledge thereof prior to the rendition of the verdict against him.

5. There was evidence to warrant the verdict, and the trial judge being satisfied therewith, this court will not interfere.

Argued May 15, — Decided. May 30, 1899.

Indictment for burglary. Before Judge Henry. Floyd superior court. January term, 1899.

*Fouche & Fouche*, for plaintiff in error.
*Moses Wright*, solicitor-general, contra.

FISH, J. 1. Upon the trial two witnesses testified, in behalf of the State, that they heard Ed Towns, who was jointly indicted with Alfred Hardin and two others for the alleged burglary for which Hardin was being tried, testify upon the committal trial of Hardin, when charged with the same burglary, that Hardin stood up the road, a short distance away, and watched while Towns and the others broke into the store alleged to have been burglarized, and that after it was broken into, all of them, including Alfred Hardin, entered it. It was admitted that Ed Towns had died since the hearing in the court of inquiry. This testimony of these two witnesses was admitted over the objection of counsel for the accused, that what Ed Towns swore on the committal trial "was. the declaration of an alleged co-conspirator after the enterprise was ended." There was no merit in this objection. What Towns swore upon the committal trial was not the mere declarations of a conspirator, but it was the testimony under oath of an accomplice, which, while needing corroboration, could be proved in the same manner as the testimony of any other witness, since deceased, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, viz., by any one who heard it, and who professed to remember the substance of the entire testimony, as to the particular matter about which he testified. Penal Code, § 1001, and cases there cited.

2. The court charged the jury, "If there was an investiga-

tion going on before a justice of the peace, and that investigation was an inquiry into whether the defendant was guilty of the crime charged in this indictment or not, and if that was the matter under investigation, and if Ed Towns was then sworn as a witness and testified, then, gentlemen, if his evidence is proven here before you by such a witness as I have stated might testify to it, then it goes to you as any other evidence. You are, of course, to judge the weight of it, as you would of the weight of any other evidence, because it would then go to you as evidence, not of the confession of Ed Towns and not as a statement made in the presence of Alfred Hardin which he might or might not deny or answer, because he couldn't deny or answer it properly as I instructed you, but as evidence bearing on the truth of what the witness then testified. What weight and credit you would give to it would be a matter entirely with you." The exceptions to this charge are: "(a) Because the testimony of the dead witness was the confession of a joint offender after the enterprise was ended, and could not affect this defendant. (b) Because it was not evidence bearing on the truth of what the witness then testified, as the court informed the jury, but was simply the testimony of an accomplice on a former trial, as remembered by a witness who heard it and repeated it, and such repetition had no bearing on the truth of what the witness formerly testified, and, being hearsay only, was illegally admitted. (c) Because there was no evidence of a conspiracy." The testimony of Ed Towns given upon the committal trial was not simply the confession of a joint offender, but, as already stated, it was the sworn and competent testimony of an accomplice, needing corroboration, it is true, to authorize a conviction, but testimony which the jury could consider in determining the truth of the matter about which Towns testified. The charge can not be construed to mean that the testimony of the witnesses who testified as to what Towns swore could be considered by the jury as evidence bearing on the question as to whether what Towns swore was the truth. We can not understand why there should have been evidence of a conspiracy to make admissible the testimony of the witnesses as to what Towns swore on the trial

in the court of inquiry. The exceptions made to the charge are not well taken.

3. Complaint was made in the motion that "the court omitted to charge the jury the law applicable to the defense of alibi." There was no evidence whatever of an alibi. The accused in his statement denied having anything to do with burglarizing the store—said he was not there but was four miles away at the time the store was broken and entered. There was no request to charge the law of alibi. It is well settled that, in the absence of a proper and pertinent written request for instructions thereon, the court is not bound to give in charge the law of a theory of the case arising solely from the statement of the accused. *Downing* v. *State*, 66 *Ga.* 110; *Hayden* v. *State*, 69 *Ga.* 731; *Darby* v. *State*, 79 *Ga.* 63. See also *Underwood* v. *State*, 88 *Ga.* 47.

4. Another ground of the motion for a new trial was based on alleged newly discovered evidence. This evidence was in support of the defense of alibi. It was not pretended that the accused did not have full knowledge of all this evidence prior to the rendition of the verdict against him. Indeed, the accused in his statement said that he was attending a party at Mr. Johnson's, about four miles away, when the store was burglarized, and the so-called newly discovered evidence is the testimony of Mr. Johnson and others that the accused was then at this party. The evidence was not newly discovered.

5. After a very careful consideration of the evidence, we think it sufficient to authorize the verdict, and, the trial judge having approved the finding of the jury, we will not interfere.

*Judgment affirmed. All the Justices concurring.*