## RICHARDS *v.* THE STATE.

1.  While the judge is not required to charge upon a theory of defense resting solely on the statement of the accused, in the absence of an appropriate written request to that effect, still when the judge of his own motion undertakes to so charge, the instruction given must be correct law and applicable to the theory of the defense set up in the statement.
2.  When the statement of the accused in a trial for murder required a finding against him of the higher grade of involuntary manslaughter, a charge that the accused relied on the defense of misfortune or accident was erroneous; and unless the charge as a whole had the effect of an instruction to acquit the accused if the jury believed the statement, such an error required the granting of a new trial when the accused was convicted of murder.
3.  The charge of the judge in the present case did not have the effect of an instruction of the character referred to in the preceding note, and therefore the error in the charge requires a reversal of the judgment refusing a new trial.

Argued January 22, — Decided March 11, 1902.

Indictment for murder.    Before Judge Seabrook.    Chatham superior court.    December 7, 1901.

*Raiford Falligant* and *John E. Myrick*, for plaintiff in error.
*J. M. Terrell, attorney-general*, and *W. W. Osborne, solicitor-general*, contra.

COBB, J.  The accused was placed on trial charged with the murder of his concubine, and was convicted and sentenced to be hanged.  He assigns error upon the refusal of the court to grant him a new trial.  The evidence for the State authorized a conviction of murder.  The evidence for the accused possibly authorized a verdict of acquittal, on the ground that the killing was the result of accident or misfortune.  The statement of the accused demanded a verdict finding him guilty. of involuntary manslaughter in the commission of an unlawful act.  After having carefully read the statement of the accused more than once, we are satisfied that under no view of the statement, if it had been credited by the jury, would they have been authorized to find any other verdict than one for involuntary manslaughter in the commission of an unlawful act.  The judge did not charge the law of manslaughter at all. In his charge, however, he referred to the contentions of the accused as set forth in his statement.  There was no request to charge on the subject of manslaughter, and it is too well settled now to admit of any discussion that an omission to charge on a theory presented only by the statement of the accused is not error, in the absence of an appropriate written request to that effect. *Gay* v. *State*, 111 *Ga.* 649, and cases cited; *Baker* v. *State*, 111 *Ga.* 141.  It has been held, however, that when a given charge refers to a theory raised by the statement of the accused, "it should fully and distinctly cover the theory so raised." *Ragland* v. *State*, 111 *Ga.* 211.  In the case just cited Mr. Justice Little says: "When the judge of his own motion undertakes to charge the law arising on a state of facts as given by the accused in his statement, the charge so given must be correct law and applicable to the theory of the defense made by the accused in his statement." The judge in concluding that portion of his charge which referred to the theory of the prisoner's statement said: "Now you will observe that the defendant does not invoke the law of justifiable homicide, but invokes the law of misfortune or accident; and I charge you that a person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and when it satisfactorily appears that there was no evil design or intention or culpable neglect."  The judge erroneously stated that the contention of the accused in his statement was that the killing was the result of misfortune or accident.  One ground of the motion for a

new trial contains a complaint that "the court erred in charging the jury . . by misstating the contention of the defendant," and there is set forth in this ground an extract from the charge, containing what was said by the judge in reference to the theory of the defense set up in the statement, and concluding with the language above quoted. It may be said that the charge, although erroneous, was more favorable to the accused than he was entitled to, and that therefore he has no right to complain. See, in this connection, *Jinks* v. *State*, 114 *Ga.* 431. If the charge taken as a whole amounted to an instruction that if the jury believed the statement of the accused, they should return a verdict of not guilty, then the principle of the case cited would be applicable. Under such circumstances a verdict rendered, utterly inconsistent with the statement at every materially defensive point, would show conclusively that the jury had not credited the statement. We do not think the charge in the present case unequivocally instructed the jury that if they believed the statement of the accused they must acquit him. Under the charge the jury would not have been authorized to acquit if they believed the accused had handled the weapon which produced the death in such a way as to make the handling an act of culpable neglect on his part. The jury were instructed on the law of murder and the law of killing by misfortune or accident. They were told, in effect, that if there was any culpable neglect on the part of the accused in the manner of handling the weapon which produced the death, no matter whether there was any intention or design to kill, the accused was guilty of murder. Such, of course, is not the law. Under such circumstances the slayer would be guilty of the higher grade of involuntary manslaughter only. While we have no idea that our learned brother of the trial bench whose ruling is under review, whose charges are generally so correct and whose expressions usually so accurate, had any intention in the language used by him of conveying such an erroneous view of the law, still, after a very careful examination of the extract from the charge excepted to in the light of the whole charge, we are constrained to hold that no other impression could have been made upon an attentive and intelligent jury than that above stated; and as human life is involved, we reverse the judgment that the case may be again tried. It is apparent from the record that the entire truth of the transaction in-

volved in the present case was not developed at the trial, and it is possible that on another trial additional facts may be brought out which will throw light on an occurrence which is now somewhat obscure and mysterious, to say the least of it.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*