### TRICE *v.* THE STATE.

An accusation charging a larceny from the dwelling-house of a named person is not sustained by proof that he was the owner in fee of a hotel which he rented to and which was conducted by another, and that the theft was committed in a room of this hotel which was occupied by a guest of the latter.

Argued November 17, — Decided December 9, 1902.

Accusation of larceny from the house. Before Judge Hammond. City court of Griffin. September 9, 1902.

*Thomas W. Thurman*, for plaintiff in error.
*O. H. P. Slaton, solicitor*, contra.

SIMMONS, C. J. The plaintiff in error, Joe Trice, was in the court below convicted of the offense of larceny from the house. The accusation under which he was brought to trial charged that he " did with force and arms unlawfully enter the dwelling-house of J. T. Gray, and, after so entering, did wrongfully and fraudulently take and carry away a certain pistol, in said house stored, of the value of ten dollars, the personal property of T. B. Borom, with intent then and there to steal said pistol." The sole question presented for our determination is whether or not this charge was sustained by the evidence upon which the State relied for a conviction. The person in whom the ownership of the property alleged to have been stolen was laid testified: "I lost a pistol, worth

twelve or fifteen dollars. It was taken from my room in the Gray House, in the City of Griffin." J. T. Gray, who was alleged to be the owner of the dwelling-house wherein the larceny was committed, testified: "The house where the pistol was taken is a hotel known as the Gray House, and is run by Mrs. Barham. I rent the house to her and board with her. I pay her board and have no control over the house. Mrs. Barham controls the house." The precise point to be determined therefore is: was Gray, rather than Mrs. Barham or T. B. Borom, properly alleged in the accusation to be the owner of the dwelling-house to which these witnesses referred? "The meaning of ownership varies with the offense. Burglary is not a disturbance to the fee of the place as realty, but to the habitable security. Therefore, in burglary, ownership means any possession which is rightful as against the burglar." 2 Bish. New Crim. Proc. § 137. "In general, possession and occupancy by the alleged owner are all that are required. While he need not own the fee, he need not even pay rent. 'It is enough that it was his actual dwelling-house at the time.' Even a possession unlawful as against the person claiming title, but lawful as against the burglar, will suffice." Id. § 138. "And, as a general rule, the ownership, so far as burglary is concerned, is in a lessee or other tenant having title, and not in the owner of the fee." 1 Whart. Cr. Law (10th ed.), § 798. Accordingly, an accusation charging that one burglariously entered the dwelling-house of a named person is to be understood, not as referring to him as the owner of the fee, but as alleging that he had possession of and control over the house, and occupied it as a dwelling. Indeed, our Penal Code, § 149, which defines the offense of burglary, evidently contemplates that the person who occupies, rather than another who holds the legal title to but is not in possession of, a dwelling-house shall be regarded as the owner of the same; for that section in express terms declares that: "A hired room or apartment in a public tavern, inn, or boarding-house, shall be considered as the dwelling-house of the person occupying or hiring the same." Such has been the construction which this court has heretofore put upon the language of that section. *Houston* v. *State*, 38 *Ga.* 165; *Yarborough* v. *State*, 86 *Ga.* 396, and cases cited.

Under our statute, "Larceny from the house is the breaking or entering any house with the intent to steal, or, after breaking or

entering said house, stealing therefrom anything of value." Penal Code, § 178. This definition of this offense makes it so close akin to that of burglary, we can see no reason for holding that a distinction is to be drawn between an accusation charging a larceny from the house and an indictment for burglary, in so far as an allegation as to the ownership of a particular dwelling-house is concerned. Neither offense involves " a disturbance to the fee of the place as realty ;" so it would seem somewhat absurd to hold that the ownership of a dwelling alleged to have been burglariously entered should be laid in the actual occupant and not in the owner of the fee, if he was not in possession, whereas the latter should be alleged to be its owner in the event of a mere larceny therein committed. Certain it is that no such distinction has heretofore been recognized by this court. On the contrary, it was, in *Markham* v. *State,* 25 *Ga.* 52, held that : " The possession and occupancy of a house by a person as a dwelling-house is sufficient evidence of ownership thereof in that person to support an allegation in an indictment for larceny from the house that the prisoner entered the dwelling-house of that person." There it appeared that one Thomason was conducting a boarding-house, wherein one Parker and the accused "roomed together," and from the room they occupied a watch belonging to Parker was stolen. The trial judge declined to charge the jury " that if they believed from the evidence that the watch was taken from the hired lodgings of a boarder in the house of Thomason, that the indictment should have so charged it, and that it was not sufficient to have charged that the watch was taken from the house of Thomason." This court appears to have recognized that this charge, had there been sufficient evidence upon which to predicate it, ought to have been given ; for, in passing on an assignment of error touching the matter, Judge McDonald said (p. 54) : " There was no evidence that the room from which the watch was stolen was the hired lodgings of a boarder. A boarder lodged there, but there was no evidence that he had *hired* that particular room. There being no evidence to support the request . . to charge the jury, it was not error in the presiding judge to refuse it." As regards the present case, we are of the opinion that the State did not prove the charge as laid, the evidence disclosing that Gray had rented the hotel to Mrs. Barham and exercised no control over it, and that the pistol which was stolen was taken from a room therein, not occu-

pied by him, but by another who, while a witness on the stand, several times referred to it as his. In fact, it does not affirmatively appear that Gray occupied any room in the building. That he was not the resident owner of it in the sense charged in the accusation we hold without difficulty or hesitation.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*