## SMITH *v.* THE STATE.

</div>

1. Where in a criminal case two distinct and independent theories of defense are raised by the prisoner's statement, each having its foundation solely in that statement, it is not error, in the absence of a proper request, for the trial judge to wholly fail to charge as to one of these theories, although he may have charged the law applicable to the other.
2. The evidence warranted the verdict.

<div align="center">Submitted February 16, — Decided March 12, 1903.</div>

Indictment for shooting at another. Before Judge Dart. Camden superior court. December 23, 1902.

*Simon W. Hitch*, for plaintiff in error.

*John W. Bennett, solicitor-general*, and *E. J. Stafford*, contra.

SIMMONS, C. J. Under an indictment charging assault with intent to murder, Adam Smith was convicted of the offense of shooting at another. He made a motion for a new trial, which was overruled by the trial judge. Smith excepted.

1. The only special ground of the motion for new trial complained that the court erred "in failing to cover, in his charge to the jury, the theories of defendant's statement, in this: the defendant's statement shows that at the time of the assault defendant had been informed that the prosecutor was attempting to arrange a secret meeting in the dark with the defendant's wife, [and] the court, while giving in charge one theory raised by defendant's statement, to wit, that of self-defense, failed to give in the charge the theory that he shot in defense of an attempt on the part of the prosecutor to invade his marital rights; this theory being as distinctly raised by defendant's statement as that of self-defense, which the court gave in charge." This theory of defense, in reference to which no instructions were given to the jury, arose solely from the prisoner's statement, and not from the evidence, and there was no request to charge on the subject. "It has been repeatedly held that, in the absence of a proper written request, it is not error to

fail to charge the law of a theory of the case which has for its foundation only the statement of the accused." *Robinson* v. *State*, 114 *Ga.* 56. Where, however, the trial judge does charge the law applicable to such a theory, his charge should fully and distinctly cover that theory. *Reeves* v. *State*, 114 *Ga.* 86; *Richards* v. *State*, 114 *Ga.* 834. In the present case the prisoner's statement raised two theories of defense, wholly unconnected with each other. The judge saw fit to deal in his charge with one of these theories. Having done so, it was incumbent on him to do so fully, fairly, and distinctly. But his charging on one of the theories raised by the prisoner's statement did not make it obligatory on him to instruct the jury with reference to the other theory so raised. He could charge on it fully, or not at all. The two theories were independent of each other, and the judge's charging as to one of them did not at all affect the question as to whether or not he should give in charge the law applicable to the other. The failure to charge as to the latter came within the general rule, above stated, that in the absence of a proper request it is not error to wholly fail to charge the law applicable to a theory of the case raised solely by the prisoner's statement.

2. It was contended here that the verdict was not supported by the evidence, in that, while it was established that the accused shot a pistol, it did not appear that he aimed at or tried to hit the prosecutor. We have carefully read the record, and find therein evidence clearly authorizing a finding, not only that the accused shot, but that he shot at the prosecutor and tried to hit him.

*Judgment affirmed. By five Justices.*