### 967. JOHNSON *v.* THE STATE.

HILL, C. J. 1. Where two men suddenly fall out and quarrel, and draw knives and fight, and one kills the other by stabbing him, the offense is voluntary manslaughter. *Gann* v. *State,* 30 *Ga.* 67.

2. The theory of involuntary manslaughter in the commission of an unlawful act arises solely from the statement of the accused, and is in conflict with the evidence. The court, therefore, was not bound to give in charge the law of involuntary manslaughter, in the absence of a timely and pertinent written request. *Hardin* v. *State,* 107 *Ga.* 718 (33 S. E. 700) ; *Richards* v. *State,* 114 *Ga.* 834 (40 S. E. 1001) ; *Baker* v. *State,* 111 *Ga.* 141 (36 S. E. 607).

3. While there can be neither murder nor voluntary manslaughter without an intent to kill, yet where the weapon used was a pocket-knife, and

the defendant stabbed the deceased in the neck with it, an intent to kill may be presumed; and it was harmless error not to charge specifically that the evidence must show an intent to kill, especially in the absence of a timely written request. *Jones* v. *State*, 29 *Ga.* 608; *Lawrence* v. *State*, 68 *Ga.* 289.

4. Error is assigned on the following charge: "If the defendant killed the deceased, and if there was no necessity for the defendant to kill the deceased to save the life of the defendant, and if the circumstances were not sufficient to excite the fears of a reasonable man that the deceased was intending, by violence or surprise, to take the life of the defendant, and if the killing was unjustifiable and unlawful, then defendant would be guilty of voluntary manslaughter." This charge contains no prejudicial error to the defendant, who was convicted of voluntary manslaughter.

5. The definition of reasonable doubt, given by the court in the instructions to the jury, was inapt, and probably did not enlighten them as to the meaning of the term. The evidence, however, clearly supporting the verdict for voluntary manslaughter, the error was immaterial and harmless.

6. No material or reversible error was committed, and the verdict is supported by the evidence.       *Judgment affirmed.*

Indictment for murder, from Oglethorpe superior court—Judge Worley. December 12, 1907.

Submitted February 25,—Decided March 16, 1908.

*Sibley & McWhorter,* for plaintiff in error.

*David W. Meadow, solicitor-general,* contra.