### 13150.  HART v. THE STATE.

BROYLES, C. J.  1.  Upon the trial of a criminal case it is not error for the judge to omit to charge upon a theory of defense raised solely by the defendant's statement, in the absence of a timely and appropriate written request; but where the judge on his own motion undertakes so to charge, his instructions must fully and correctly cover that theory.  *Reeves* v. *State*, 114 *Ga.* 86 (39 S. E. 918); *Richards* v. *State*, 114 *Ga.* 834 (40 S. E. 1001); *Smith* v. *State*, 117 *Ga.* 259, 260 (43 S. E. 703); *Ragland* v. *State*, 111 *Ga.* 211 (36 S. E. 682); *Phillips* v. *State*, 11 *Ga. App.* 262 (75 S. E. 14).

2.  Under the foregoing ruling and the facts of the instant case, the judge of the superior court erred in disallowing the traverse filed to the answer of the trial judge.

3.  The error in disallowing the traverse rendered the further proceedings in the case nugatory.

*Judgment reversed.  Bloodworth, J., concurs; Luke, J., absent.*

DECIDED MARCH 2, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. November 18, 1921.

*T. H. Goodwin, Frank A. Hooper & Son,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor, E. A. Stephens,* contra.