20167.   JOHNSON *v.* THE STATE.

DECIDED JANUARY 15, 1930.

*R. R. Jones,* for plaintiff in error.
*B. T. Castellow, solicitor-general, Bond Almand,* contra.

BLOODWORTH, J.   The accused was charged with "controlling

and possessing intoxicating liquors." The trial of the case resulted in a verdict of guilty; a motion for a new trial was overruled, and the defendant excepted. We will amplify only the 1st and 2d headnotes.

■ The 1st special ground of the motion for a new trial "is based upon alleged newly discovered evidence, alleging that a juror by the name of G. L. Spann was not an unbiased and impartial juror," for the reason that prior to the trial he had stated that if he was selected as a juror to try the accused he would be sure to find him guilty. In view of the counter-showing made by the State, we can not say that the court erred in overruling this ground of the motion. *Ethridge* v. *State,* 164 *Ga.* 53 (137 S. E. 784). Judge Kersey and J. S. Brown, each of whom made an affidavit as to the alleged prejudicial remarks of the juror Spann, were shown to have been convicted and sentenced in Terrell superior court of cow stealing. "Larceny is a crimen falsi, and the record of a conviction for larceny is admissible to discredit a witness." *Georgia Railroad* v. *Homer,* 73 *Ga.* 251 (5). Thus the character of two of the witnesses who furnished the alleged newly discovered evidence was discredited and doubt cast upon the credibility of the evidence. See, in this connection, *Ivey* v. *State,* 154 *Ga.* 63 (113 S. E. 175), *Hart* v. *State,* 36 *Ga. App.* 673 (137 S. E. 798).

■ The 2d ground of the amendment to the motion for a new trial alleges that the court erred in overruling the motion for a continuance. In overruling this motion the court said: "The bills of indictment [there were two of them], as the court knows, were returned about 10 o'clock on last Wednesday, and bench warrants were issued and W. A. Johnson was arrested and brought into court about 11.30 o'clock on last Wednesday, and the cases were called, with W. A. Johnson present in court, and the court asked the defendant if he had counsel; to which he replied that he did not, but that he was able and would employ counsel. The court before that offered to appoint counsel, if necessary, to assist in the preparation of the cases; which the defendant refused to accept. The defendant was notified at that time, which was about 12.15 p. m. on Wednesday, that the two cases pending in this court would be called for trial at 8.30 o'clock a. m. on Friday morning following. The defendant announced then that he would be ready for trial,

738

and the court also requested the defendant that if he had any witnesses that he needed, to hand a list of witnesses to the sheriff, so that they could be summoned without delay." In view of all the facts of the case, especially the foregoing statement of the judge, this court can not say that he abused his discretion when the motion for a continuance was overruled. *Nick* v. *State,* 128 *Ga.* 573, 575 (58 S. E. 48), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*