21434. GRIER *v.* THE STATE.

DECIDED MAY 13, 1931.

*Vesler M. Ownby, Joe Hill Smith,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. The indictment in this case charges that Smith Grier, alias Grice, committed an assault with intent to rape upon Mrs. Bessie Greer. The exception is to the overruling of the defendant's motion for a new trial.

Mrs. Bessie Greer testified, in substance, that at about ten o'clock in the morning, while she was in an elevator between the second and third floors of the Southeastern Trust Company Building, in Atlanta, Ga., the defendant stopped the elevator, asked her if she drank whisky, offered to give her some whisky, and asked for "a date;" that when witness ordered the defendant to carry her down, he said, "No, you are going to fill a date with me;" that defendant put one hand on her shoulder and the other hand on her private parts; that defendant had been drinking; that witness knocked the defendant over the stool he used in operating the elevator; that defendant said he would kill witness if she told any of the white folks; that her purpose in going in the elevator was to go to the rest room; that witness was not sure of the date when she was attacked, but thought it was about August 1, 1930; and that she recognized the defendant as the person who attacked her.

The witness further testified that the defendant carried her down to the first floor, and that she reported the attack as soon as she crossed the street and reached the place where she worked. Upon cross-examination, this witness was somewhat uncertain as to days and dates, but, in our opinion, the jury had the right to conclude from her testimony that she reported the occurrence shortly after the attack. The defendant contended that he was not the man who attacked Mrs. Greer, and introduced some testimony to substantiate this contention.

We are satisfied that the evidence abundantly warranted the jury in concluding that the defendant committed the offense charged, and see no occasion for setting out in detail the other evidence in the case, or the defendant's statement. Therefore the court properly overruled the general grounds of the motion for a new trial.

■ Special ground 1 alleges that the court erred in admitting, "over objection, testimony of Ralph Mott." The ground then sets out nearly a page of testimony, some of which appears to have been admissible, without indicating what part of it was inadmissible. "An assignment of error on the ground that the court erred in admitting certain evidence, without showing that it was objected to at the time it was offered, and upon what ground the objection was based, raises no question for decision." *Clare* v. *Drexler*, 152 *Ga.* 419 (5) (110 S. E. 176). See also *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325); *Hardy* v. *Hardy*, 149 *Ga.* 371 (3) (100 S. E. 101); *Holland* v. *Ryals*, 41 *Ga. App.* 280, 281 (152 S. E. 852). Furthermore, "where a motion is made to exclude certain testimony in its entirety, some of which is clearly admissible, a new trial will not be granted because the court refuses to exclude the entire testimony, although some of it may be of doubtful admissibility or not admissible." *L. & N. R. Co.* v. *McHan*, 144 *Ga.* 683 (2) (87 S. E. 889); *Edenfield* v. *Brinson*, 149 *Ga.* 377 (5) (100 S. E. 373); *Bragg* v. *State*, 33 *Ga. App.* 608 (3) (127 S. E. 474).

■ Special ground 2, complaining of the court's refusal to direct a verdict, is of course without merit. "Under repeated rulings of the Supreme Court and of this court a refusal to direct a verdict in either a civil or a criminal case is never error." *Nichols* v. *State*, 35 *Ga. App.* 399 (3) (133 S. E. 266); *Bennett* v. *Patten*, 148 *Ga.* 66 (3-b) (95 S. E. 690).

■ Special grounds 3, 4, and 5 complain of the admission of oral testimony, "over objection of defense counsel," without setting out in any ground the substance of the alleged objectionable testimony. Of course, each of these grounds should have shown that an objection was interposed when the evidence was offered, and what that objection was. See cases cited in our discussion of the first special ground. Again, "it has been repeatedly ruled that a ground based on the admission or rejection of evidence presents nothing for adjudication when such evidence is not set forth either literally or in substance." *Shaw* v. *Jones,* 133 *Ga.* 446 (9) (66 S. E. 240) ; *Patterson* v. *Farish,* 34 *Ga. App.* 785 (131 S. E. 186). The grounds here dealt with are clearly too incomplete for this court to pass upon.

■ Special ground 6 is controlled adversely to the contention of the plaintiff in error by the following well-established rule laid down in *Powers* v. *State,* 138 *Ga.* 624 (4) (75 S. E. 651). "It is no valid ground of criticism upon a charge, correct and proper in itself, that it fails to state some other rule or principle of law pertinent to the issues of the case. See also *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502).

■ Special ground 7 complains that the court, without request, failed to give the jury a long charge set out in the ground. This charge is in the language of a charge quoted in *Smalls* v. *State,* 6 *Ga. App.* 502 (65 S. E. 295), which was disapproved by this court in no uncertain terms. The charge is so thoroughly considered and analyzed in the case referred to that further discussion of it here is entirely unnecessary. Of course, this court should not give any charge which is not accurate and correct, even though it be requested. *Tanner* v. *State,* 161 *Ga.* 193 (13), 198 (130 S. E. 64).

Therefore we hold that the trial judge did not commit reversible error for any reason assigned in the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*