## DOWNS *v.* THE STATE.

No. 8598.   AUGUST 15, 1932.

*Robert B. Williamson,* for plaintiff in error.

*George M. Napier, attorney-general, R. S. Foy, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

ATKINSON, J.   A verdict was returned finding the defendant guilty, and recommending life imprisonment, under an indictment charging William Downs with the murder of Moice Calhoun by shooting him with a gun.   The exception is to a judgment refusing a new trial.

■ Even if the question could be raised by the motion for new trial in this case, in view of sec. 2 of the act of 1911 (Ga. L. 1911, p. 149), the judgment will not be reversed upon the ground of failure to prove the venue, where a witness testified that he saw defendant during a controversy shoot Calhoun twice with a gun, thereby killing him instantly, and that "it was . . in this county . . that he came to his death," and the bill of exceptions obtained by the defendant states that the trial was had in the county in which the offense was alleged to have been committed. *Malone* v. *State,* 116 *Ga.* 272(2) (42 S. E. 468).

■ The judge excluded certain testimony as to recent threats against defendant made by the deceased, on objection by the solicitor-general that there was no proof that they had been communicated, and in doing so directed the jury not to "consider" the testimony.   At a later state of the trial the judge called that ruling to the attention of the jury, and stated that he was "of the opinion at this time" that the testimony was admissible "as an explanation of the

state of mind. . . I . . am just restoring this . . testimony to the record." *Held,* that the failure of the judge to make a further statement that the jury should "consider" the testimony did not render the statement of the judge confusing.

■ The testimony of Richard Downs, considered with other evidence, was sufficient to render applicable that theory of justifiable homicide expressed in that part of the Penal Code, § 70, as follows: "Against any persons who manifestly intend and endeavor, in a riotous and tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein." The judge erred, while reading the definition of justifiable homicide, in instructing the jury in such manner as to exclude from consideration the above-quoted portion of that law, and in restricting the defense to the other theories of justification therein provided. *Powell* v. *State,* 101 *Ga.* 9 (7) (29 S. E. 309, 65 Am. St. R. 277); *Smith* v. *State,* 106 *Ga.* 673, 681 (32 S. E. 851, 71 Am. St. R. 286).

■ The testimony of the same witness and other evidence was also sufficient to render applicable the provisions of the Penal Code, § 72, in which it is declared: "If after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another can not be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended, or might accrue to the person, property, or family of the person killing." *Powell* and *Smith* cases, supra. It was erroneous to omit, even without request, to give this provision of law in charge to the jury. *Walker* v. *State,* 122 *Ga.* 747, 750 (50 S. E. 994).

■ As the judgment will be reversed on the grounds stated above, no ruling will be made upon the assignments of error based on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent.*

GILBERT, J., dissenting. From a careful examination of all of the evidence I am unable to find any facts upon which to base the theory that the deceased and his companion, Whittington, intended or were endeavoring in a riotous and tumultuous manner, to enter

the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein, as contemplated in the Penal Code, § 70. From all of the evidence it seems to me that the only theory authorized is that Calhoun (the deceased) and Whittington went to the home of Downs for the purpose of taking Downs to task for some remark attributed by Downs to Calhoun concerning Whittington's sister. When Calhoun and Whittington went to the home of Downs, the defendant, they made no effort to enter, but stopped on the outside and "hailed" for the purpose of calling the defendant out. At no time during the interview, or throughout the difficulty, does the evidence show any effort or intention on the part of the deceased and Whittington to enter the dwelling-house. They were repeatedly endeavoring to induce the defendant to come out to meet them on the outside and to go down the road with them. In fact the evidence seems to indicate that most of the time during the angry meeting the deceased and his companion, Whittington, were standing across the road from the house. In these circumstances I do not think that the judgment refusing a new trial should be reversed for the reasons stated in the majority opinion, divisions 3 and 4. This is especially true in view of the fact that no request was made to the court to charge or instruct the jury on the subject, upon the failure to do which error is now assigned.