## PRINCE *v.* THE STATE.

No. 10403. July 11, 1935.

*G. Y. Harrell,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Hollis Fort, solicitor-general, B. D. Murphy, J. T. Goree,* and *D. M. Parker,* contra.

HUTCHESON, Justice. Daniel Prince was convicted of murder, and sentenced to the death penalty. His motion for new trial was overruled, and he excepted.

██ "The punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life in the following cases: If the jury trying the case shall so recommend, or if the conviction is founded solely on circumstantial testimony, the presiding judge may sentence to confinement in the penitentiary for life. In the former case it is not discretionary with the judge; in the latter it is." Code of 1933, § 26-1005. The movant complains of the following charge: "This indictment charges the offense known in law as murder, a capital offense ordinarily punishable by death, except where a recommendation for mercy is made where a verdict of guilty is rendered." It is contended that this charge is error for the reason that the jury were instructed that murder is ordinarily punishable by death, and that it was an invasion of the province of the jury, and was prejudicial. In view of the law as to the punishment for murder, and of other instructions given by the court as to the right of the jury to recommend mercy if they should find a verdict of guilty, the charge complained of was not cause for a new trial.

██ The motion for new trial complains of the following charge of the court: "Now, after you have determined what the facts are in this case, if you do not believe that the defendant, Daniel Prince, is guilty of the offense of murder, but should not further believe that he was justified in whatever he did on this occasion, as contended for by the State, then you would next inquire and determine

798

whether he was guilty of a lower grade of homicide; that of voluntary manslaughter." In another part of the charge, the following language was used: "It is provided by our law that·in all cases of voluntary manslaughter there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice either express or implied." In view of the charge as a whole upon the lesser offense, it was not erroneous.

■ The evidence referred to in three special grounds of the motion for new trial was admissible as part of the res gestæ.

■ The fact that the father of the deceased was not allowed to testify about a certain divorce suit of his son, if error, was harmless.

■ Complaint is made because of omission to charge that "all other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide." By reason of the language used in the charge as given, we do not consider that this instruction was at all necessary.

■■ The other grounds contain no merit; and the evidence was sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur.*
RUSSELL, C. J., concurs in the judgment.