## JACKSON *v.* THE STATE.

No. 13743. June 14, 1941.

*T. A. Wallace, C. D. Irwin,* and *Milton K. Wallace,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Charles H. Garrett, solicitor-general,* and *E. J. Clower, assistant attorney-general,* contra.

REID, Chief Justice. In several grounds of the motion for new trial it is complained in substance that the judge failed to instruct the jury that the defendant would have been justified in killing Jessie L. Smith if it was done in protection of his home and to prevent the deceased, a female, from having further and continued unnatural sexual relations with his wife, and instead merely instructed them of his right to kill in self-defense. In this connection it appears that the judge gave in charge the definition of jus-

tifiable homicide (Code, § 26-1011), and instructed the jury that if they believed that the defendant was justified under any of the principles contained therein, they should acquit him. He charged at some length on self-defense, and made no reference to any alleged improper relations between the deceased and the defendant's wife or to any right of the defendant to kill to prevent such conduct in protection of his home and marital relationship with his wife, or to kill the deceased because of such improper relationship. As pointed out by both the attorney-general and the solicitor-general in their briefs, and as shown by the record, the existence of any improper relationship between the deceased and the wife of the defendant finds no support in the evidence, but solely in the statement of the defendant, in which he claimed simply that he shot in self-defense. It is of course the general rule, that, "in the absence of a proper and pertinent written request for instructions thereon, the court is not bound to give in charge the law of a theory of the case arising solely from the statement of the accused." *Hardin* v. *State,* 107 *Ga.* 718 (33 S. E. 700). The substance of the statement was that he found the deceased and his wife having improper relations; that he asked the deceased to stay away from his house; that she thereupon left; that she returned shortly with a rifle and stood out in the back yard and cursed and threatened his life; that he got his shotgun and stepped out the door and reasoned with her; and that she "threw the rifle on me. . . I shot her to keep her from killing me." It is thus seen that the defendant did rest his claim for justification on self-defense; and accordingly it could hardly be held that the judge erred in failing to go further than it is contended he did. See *Thompson* v. *State,* 55 *Ga. App.* 445, 448 (190 S. E. 80), and cit.; *Key* v. *State,* 21 *Ga. App.* 300, 304 (94 S. E. 283). If the defendant's statement could be taken as raising a meritorious defense in addition to that of self-defense, what was said in *Smith* v. *State,* 117 *Ga.* 259 (43 S. E. 703), would be applicable: "Where in a criminal case two distinct and independent theories of defense are raised by the prisoner's statement, each having its foundation solely in that statement, it is not error, in the absence of a proper request, for the trial judge to wholly fail to charge as to one of these theories, although he may have charged the law applicable to the other."

It is further contended, in substance, that the judge should at

least have charged the jury that the unnatural conduct of the deceased with the defendant's wife and her actions at the time of the killing were sufficient to have engendered passion on the part of the defendant and to reduce the crime to voluntary manslaughter. In this connection it appears that after defining to the jury the offense of voluntary manslaughter in the words of the Code, § 26-1007, the judge instructed them as follows: "The law does not specifically declare what circumstances will exclude all idea of deliberation or malice, but furnishes a standard and leaves it to the jury to make the comparison and to determine whether or not the special facts of the case come up to that standard; and should the jury find that the attendant facts and circumstances leading up to the alleged homicide were such as to justify the existence of that sudden, violent impulse of passion supposed to be irresistible, and exclude all idea of deliberation of malice, either express or implied, then the defendant would not be guilty of any offense greater than voluntary manslaughter." This charge clearly gave the jury the right to consider all of the facts and circumstances, including those brought out solely in the defendant's statement, in determining whether there would have been sufficient justification for the excitement of passion as to reduce the crime to voluntary manslaughter. It was not error to omit an attempt to apply this principle to the facts of the case. See *Short* v. *State,* 140 *Ga.* 780 (7) (80 S. E. 8); *Coleman* v. *State,* 149 *Ga.* 186 (99 S. E. 627); *Tillman* v. *State,* 136 *Ga.* 59 (3) (70 S. E. 876); *Hanye* v. *State,* 99 *Ga.* 212 (25 S. E. 307); *Thurman* v. *State,* 14 *Ga. App.* 543 (81 S. E. 796).

Counsel does not argue any of the remaining grounds of the motion, although a general insistence is made as to all of the grounds. We have examined all of them, and find them without merit and not of a character requiring discussion. The evidence supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*