JACKSON *v.* THE STATE.

JENKINS, Presiding Justice. 1. The evidence fully authorized the verdict, and therefore the general grounds are without merit.

2. The special assignment of error fails to set forth any evidence upon which to base the contention that the charge with reference to mutual combat was demanded; and, irrespective of any rule of appellate practice which might require that every assignment of error must be complete in itself without reference to the brief of evidence, we have nevertheless carefully examined all of the evidence, including the testimony of the defendant's son, who was the only witness for the defense, and find no facts or circumstances testified to, except possibly certain circumstances in the defendant's own statement, which might tend to indicate that both of the parties had manifested a mutual intention to fight, but instead have found consistent, and corroborated, evidence to the contrary.

3. "In the absence of a proper and pertinent written request for instructions thereon, the court is not bound to give in charge the law of a theory of the case arising solely from the statement of the accused." *Hardin* v. *State*, 107 *Ga.* 718 (33 S. E. 700); *Smith* v. *State*, 117 *Ga.* 259 (43 S. E. 703); *Jackson* v. *State*, 192 *Ga.* 373, 374 (15 S. E. 2d, 484).

*Judgment affirmed. All the Justices concur.*

No. 15602. OCTOBER 9, 1946.

*D. A. Bragg* and *C. L. Hilton,* for plaintiff in error.

*Eugene Cook, Attorney-General, Fred T. Lanier, Solicitor-General, Milton Carlton, W. C. Hawkins,* and *Roscoe Thompson, Assistant Attorney-General,* contra.