34492. FRAZIER, *alias* McDONALD, *v.* THE STATE.

GARDNER, P. J. The defendant was tried on an indictment for murder and found guilty of voluntary manslaughter. She filed her motion for new trial on the general grounds, and thereafter added eight special grounds. The court overruled this motion. On this judgment error is assigned here on all the grounds of the motion. Since the case is

to be reversed on a special ground, we will not dicuss the evidence relating to murder or voluntary manslaughter. We do not know what the evidence might be on another trial. We will relate, in a general way, only such phases of the evidence as applied to the special ground on which reversal is based.

In special ground 1 error is assigned on the failure of the court to charge Code § 26-1013, which reads as follows: "If after persuasion, remonstrance, or other general measures used, a forcible attack and invasion on the property or habitation of another cannot be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended, or might accrue to the person, property or family of the person killing."

The sole defense of the accused was to the effect that on the day of the killing the deceased came to her house and entered. She was partly undressed and was in a room, other than her bedroom, where she had gone to attend to her needs, she being sick. The deceased stated to her that he had been "wanting her" for sometime and that he intended to "have her" that day; that she had gotten "biggoty." The defendant and the deceased tusseled in and about the house. The defendant left the deceased in the front yard and she returned to her room. She had a shotgun in her room. It fell across her body and she remonstrated and tried to persuade the deceased not to enter her house. The deceased nevertheless persisted in entering her house. The defendant stated to him that if he came in she would shoot him. The deceased walked upon her steps and she shot the gun to scare him. The load of shot entered the frontal portion of the neck of the deceased, killing him almost instantly. Under the statement of the defendant and all of the circumstances of the case as revealed by the record, we are definitely of the opinion that the court erred in failing to give in charge the principle of Code § 26-1013. The court did charge Code § 26-1011 with reference to justifiable homicide, generally. Counsel for the State contends that this section was sufficient. We do not think so. Where, as here, the evidence renders the principle of Code § 26-1013 applicable, the court should charge it, even without a written request. In *Downs* v. *State,* 175 *Ga.* 439 (4) (165 S. E. 112), the court said: "It was erroneous to omit, even without request, to give this provision of law [Code § 26-1013] in charge to the jury." Distinguished counsel for the State argues concerning the *Downs* case, but his argument is based entirely on the principle of Code § 26-1011, and seems to have overlooked what the Supreme Court said in the *Downs* case with reference to § 26-1013. We deem it of no benefit to discuss this question further.

As to the other special grounds; when we take into consideration the evidence and the charge of the court as a whole, we do not find any reversible error, although some of the charges might contain some inaccuracies which very likely will not occur again in the event of another trial.

The court erred in overruling the amended motion for new trial, as shown above.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*
DECIDED APRIL 25, 1953.

*A. C. Felton III,* for plaintiff in error.

*Charles Burgamy, Solicitor-General, Wingate Dykes, Solicitor-General,* contra.