## 40355. WHITING v. THE STATE.

FRANKUM, Judge. The defendant was convicted of larceny from the house under an indictment charging him with burglary and larceny from the house. His motion for new trial on the general grounds and on four special grounds was overruled, and he assigns error in this court on that judgment.

1. The case was not orally argued before this court. The plaintiff in error has in his brief expressly abandoned the general grounds of his motion for new trial. Special grounds 1, 3 and 4 are merely copied in the brief. This is not sufficient argument, and these grounds will be considered as abandoned also. *Bell v. Bell,* 210 Ga. 295, 297 (5) (79 SE2d 524). See also *Henderson v. Lott,* 163 Ga. 326, 328 (2) (136 SE 403); *Head v. Lee,* 203 Ga. 191, 201 (5) (45 SE2d 666); *B-X Corp. v. Jeter,* 210 Ga. 250 (4) (78 SE2d 790); *Lumbermen's &c. Alliance v. Jessup,* 100 Ga. App. 518, 533 (4) (112 SE2d 337).

2. Special ground 2 assigns error because the trial court erred in charging the jury that, if they found, in considering the evidence and the defendant's statement, that any of the property alleged to have been taken was found recently thereafter in the possession of the defendant, they might give that circumstance such weight as they felt proper on the question of whether it established beyond a reasonable doubt that the defendant was the one who broke and entered the house, if they should find the house was broken and entered. The assignment of error is that the charge was not a complete and correct charge in that the judge should have charged in connection therewith the provisions of *Code* § 38-109. "It has been repeatedly held by both this court and by the Supreme Court that an instruction correct in and of itself is not rendered erroneous by the mere failure of the trial court to give in connection therewith also another pertinent and legal instruction." *Burton & Class v. Connell,* 84 Ga. App. 106, 109 (2) (65 SE2d 620). See also *Jones v. State,* 197 Ga. 604, 610 (30 SE2d 192); *Elliott v. Robinson,* 198 Ga. 811 (5) (33 SE2d 95); *City of Decatur v. Robertson,* 85 Ga. App. 747, 751 (5) (70 SE2d 135). Furthermore, nowhere in this ground is it alleged that the conviction of the defendant depended wholly upon circumstantial evidence. If it did not so depend, then the failure to charge without request the

provisions of that Code section was not error. *Johnson v. State,* 40 Ga. App. 736 (4) (151 SE 405).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 24, 1963.

D. L. Lomenick, Jr., for plaintiff in error.
Earl B. Self, Solicitor General, contra.