### 40648. McDOUGALD v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted under an indictment charging him with burglary. The jury returned a verdict of guilty and thereafter the defendant's amended motion for new trial was overruled and error is now assigned on such adverse judgment. *Held:*

1. A ground of objection to evidence that it is "The statement of a co-conspirator or co-defendant" is not sufficient to present any question for decision by this court as to the admission of such evidence. "A specific objection showing harmful error must be offered at the time the evidence is presented." *McDaniel v. State,* 197 Ga. 757, 759 (2) (30 SE2d 612). See also *Pylant v. State,* 191 Ga. 587 (13 SE2d 380) ; and *Barrow v. Georgia &c. Aggregate Co.,* 103 Ga. App. 704, 716 (120 SE2d 636). Statements of co-conspirators made during the pendency of the criminal project or during its concealment, after the fact of conspiracy is proved, are admissible, *Code* § 38-306, *Storey v. State,* 95 Ga. App. 455, 460 (98 SE2d 42), as would be any statement made by a co-conspirator in the presence of the defendant. *Corley v. State,* 64 Ga. App. 841, 844 (8) (14 SE2d 121). The objection showing no reason why the statement was not admissible in evidence presents no question for decision.

2. "The testimony of a particular witness might make or disprove the case of guilt, and yet his manner, as a whole, might convince the jury that he did not speak the truth when he stated the facts by him related. Certainly anything that occurs in the presence of the jury, after they are impanelled, which

could legitimately throw light on the credibility of any witness, or which could add or detract from the weight of his testimony, would be legitimately a subject-matter for their consideration, and, consequently, proper subject of argument on the part of counsel." *Moore v. State,* 10 Ga. App. 805, 807 (74 SE 315). In the present case the comment by the solicitor general as to the defendant's demeanor while making an unsworn statement did not demand the grant of a mistrial. The Act of 1962 (Ga. L. 1962, p. 133; *Code Ann.* § 38-415), which permits a prisoner to be sworn and cross examined did not alter the law as to unsworn statements, *Shoffeitt v. State,* 107 Ga. App. 217 (129 SE2d 572), and the prohibition against comments contained in such Act prohibits comments on the failure of the defendant to be sworn or which would call the jury's attention to such right which the defendant failed to exercise, *Carter v. State,* 107 Ga. App. 571 (130 SE2d 806), and *McCann v. State,* 108 Ga. App. 316 (1) (132 SE2d 813), but it does not prohibit otherwise legitimate argument to the jury by the solicitor general.

3. The instructions given by the court and complained of in special grounds 5 and 6 of the motion for new trial with reference to the defendant's unsworn statement are identical with those approved in *Ash v. State,* 109 Ga. App. 177 (135 SE2d 507), and show no error.

4. The evidence authorized the verdict, and the trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED MAY 6, 1964.

*John N. Crudup,* for plaintiff in error.

*Jeff C. Wayne,* Solicitor General, *C. Frank Strickland, Jr.,* contra.