41627. HUFF v. THE STATE.

Submitted November 2, 1965—Decided February 3, 1966—
Rehearing denied March 4, 1966.

260

*James A. Able, Jr.*, for appellant.

*Lewis R. Slaton, Solicitor General, Paul Ginsberg, J. Walter LeCraw*, for appellee.

EBERHARDT, Judge. ■ It is contended that the court erred in failing to charge on the defendant's right of defense of her habitation, in the language of *Code* § 26-1013: "If, after persuasion, remonstrance or other gentle measures used, a forcible attack and invasion on the property or habitation of another cannot be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended, or might accrue to the person, property, or family of the person killing."

The State urges that the defendant's habitation consisted of the whole house—not just her bedroom, and that since the deceased was a guest in the house and already in it when the trouble arose this principle can not be applicable, relying upon *Pyle v. State*, 187 Ga. 156 (2) (200 SE 667) and *White v. State*, 2 Ga. App. 412 (1b) (58 SE 686). We do not agree. As the facts indicate, the defendant was operating a boarding house. Some of the rooms were rented out to the boarders, including one to the deceased. But she reserved to herself and for the use of herself and child the front bedroom. The rooms rented to others became the habitation of those to whom they were rented. *Newcomb Hotel Co. v. Corbett*, 27 Ga. App. 365 (1) (108 SE

309); *Byfield v. Candler,* 33 Ga. App. 275 (7) (125 SE 905). The deceased may have been a guest as to the living room, but that relationship did not extend to the defendant's bedroom. He may have had the "run of the house" as to those portions in which all guests or boarders were permitted—the living room, dining room, kitchen, hall and perhaps the bathroom. His own bedroom was his habitation, and no other guest of the house was entitled to go there without his invitation. And so it was with the defendant's bedroom. Cf. *Code* § 26-2401; *Jones v. State,* 75 Ga. 825 (2); *Trice v. State,* 116 Ga. 602 (42 SE 1008); *Bacon v. State,* 85 Ga. App. 630 (1) (70 SE2d 54), reversed on other grounds in 209 Ga. 261 (71 SE2d 615).

But there are other reasons why failure to charge on this matter was not error. The statute applies only "after persuasion, remonstrance, or other gentle measures used" unless the circumstances are such that there is no time or opportunity for doing so. *Palmour v. State,* 116 Ga. 269 (42 SE 512); *Pyle v. State,* 187 Ga. 156, 159, supra. The deceased was not armed. "After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict." *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). The deceased followed the defendant to the door of her bedroom and when she tried to lock it, pushed his way on in, after having asked her to wait so that he might talk with her. After getting into the room, and before the deceased closed the door by kicking it to, defendant got a gun from the dresser drawer, placed it in her pocket and kept her hand on it. She asked the deceased to leave her alone and not start any trouble, whereupon he struck her in the face and she shot him in the leg. He struck her two or three more times, and she shot him again, this time fatally.

Can it be said that the defendant sought either by persuasion, remonstrance or other gentle measures to keep the deceased from entering her bedroom, or that she used these in any effort to get him to leave after he entered? She did state that she asked him to leave her alone and not to start trouble, but that is quite another thing, going to the matter of self-defense. The circum-

stances do not appear to have been such that the defendant could not have tried to use persuasion and the like to prevent the deceased from entering. She knew that he was following her to the room. Once in the room she moved hastily to get the gun from the dresser drawer and place it in her pocket.

But the question need not be answered. Even if it be concluded that the facts do raise the matter of defense of habitation, the defendant's main defense was self-defense on which the court charged fully. That was her contention all through the trial, and it is conceded in her brief here. There was no request that the defense of habitation in the language of *Code* § 26-1013 be charged. "Where in a criminal case two distinct and independent theories of defense are raised by the prisoner's statement, each having its foundation solely in that statement, it is not error, in the absence of a proper request, for the trial judge to wholly fail to charge as to one of these theories, although he may have charged the law applicable to the other." *Jackson v. State,* 192 Ga. 373, 374 (15 SE2d 484). Accord: *Smith v. State,* 117 Ga. 259 (43 SE 703); *Prince v. State,* 180 Ga. 796 (5) (180 SE 768); *Bolton v. State,* 107 Ga. App. 883 (2) (131 SE2d 862). Neither self-defense nor defense of habitation could be found in this record unless in the defendant's statement. Nor would it matter whether the statement was made from the stand or made out of court.

Moreover, there is the unbroken line of cases, pointed out in the special concurrence, holding that it is not error for the court to fail to charge on *any theory* of defense raised solely by the defendant's statement, absent a timely and proper request. *Whisman v. State,* 221 Ga. 460 (8) (145 SE2d 499); *Brawner v. State,* 221 Ga. 680 (3) (146 SE2d 737).

■ It is contended that the charge of *Code* § 26-1011, though correct in itself, was incomplete and erroneous because not supplemented by a charge of *Code* § 26-1013. "Where an extract from the charge of the court is in itself correct and proper, it is not subject to exception because of failure to give a certain additional instruction." *Grier v. State,* 43 Ga. App. 348 (5) (158 SE 634). Accord: *Jones v. State,* 197 Ga. 604 (5) (30 SE2d 192); *Whiting v. State,* 108 Ga. App. 374 (2) (133 SE2d 50). This contention is without merit.

■ Defendant assigns error upon the refusal of the court to give a timely written request defining habitation: "In this respect, 'habitation' need not be defined as the entire dwelling house of that person, but can be interpreted as being a part thereof that is peculiarly private to the defendant as opposed to other inmates thereof, either by agreement or by course of conduct, and to which other inmates thereof have no special right of use or occupancy by reason of the tenancy of the dwelling house in general."

" 'A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial. *Etheridge v. Hobbs*, 77 Ga. 531 (3 SE 251).' *Macon, Dublin &c. R. Co. v. Joyner*, 129 Ga. 683 (5), 688 (59 SE 902). It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Lewis v. State*, 196 Ga. 755 (3), 760 (27 SE2d 659); *Downs v. Powell*, 215 Ga. 62 (108 SE2d 715). A request to charge is not perfect in form when an inference is required to make it correct, and there is no error in refusing to give such a request. *Norris v. State*, 184 Ga. 397 (3) (191 SE 375). Unless a request to charge is itself a complete statement of the principle invoked, without requiring any addition to make it perfect, a failure to give it will not require a new trial. *Head v. Bridges*, 67 Ga. 227 (4)." *Cates v. Harris*, 217 Ga. 801, 802 (125 SE2d 649).

It is contended that this request was tendered in connection with a theory of defense of habitation raised by the defendant's statement. While it may have been a correct definition of "habitation" in that context, yet it was by no means a complete statement of the principle invoked, i.e., defense of habitation. To make it perfect it would have been necessary to add considerably to it, as for example the applicability of the theory if the deceased made a forcible attack and invasion of the defendant's habitation which she was unable to prevent by persuasion, remonstrance or other gentle measures, that the killing of the deceased was absolutely necessary to prevent the attack and invasion and that a serious injury to her, her property or family was intended by the deceased, in which event the killing

would be justifiable homicide. If it be conceded that the defendant's statement was sufficient to raise the theory of defense of habitation, as well as that of self-defense, it was nevertheless not error to refuse this imperfect request.

■ In the charge to the jury the court stated that "in all criminal trials the defendant is allowed to make to the court and jury such statement in her own behalf as she sees fit to make. Her statement is not under oath and it is not, in this case, subject to cross examination and you are authorized to give it only such weight and credit as you think it is entitled to receive. You may believe it in whole or in part. You may believe it in preference to the sworn testimony in this case, or you may disbelieve it altogether." The complaint is that the inclusion of the phrase "in this case" in stating that the defendant's statement was not subject to cross examination emphasized that under Ga. L. 1962, p. 133 (*Code Ann.* § 38-415) the defendant could have been sworn and subject to cross examination, thereby lessening the weight or credibility which the jury might attribute to the statement. The charge is not subject to this criticism. It is no more than a statement of the law as it applies when the defendant has elected to make an unsworn statement. *Ash v. State,* 109 Ga. App. 177 (135 SE2d 507). It went no further. If, in this connection, the court had further charged that the defendant had the right to testify under oath and to be examined and cross examined as other witnesses it would have come within the proscription of *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526), and *McCann v. State,* 108 Ga. App. 316 (132 SE2d 813). See also *McDougald v. State,* 109 Ga. App. 681 (3) (137 SE2d 383); *Thurmond v. State,* 198 Ga. 410, 417 (31 SE2d 804).

*Judgment affirmed. Felton, C. J., Bell, P. J., Frankum, Jordan and Hall, JJ., concur. Pannell and Deen, JJ., concur specially. Nichols, P. J., dissents.*

PANNELL, Judge, concurring specially. ■ In my opinion, it is not necessary to determine whether or not the defendant's statement presented a defense of justifiable homicide under *Code* § 26-1013. Assuming, without deciding, that such defense was set up by her statement, it was set up by her statement alone

and not by any other evidence or testimony in the case. It is not error for the court to fail to charge on the theory of defense raised solely by defendant's statement, in the absence of a proper written request. *Hart v. State,* 28 Ga. App. 258 (1) (110 SE 745); *Saunders v. State,* 43 Ga. App. 59 (7) (158 SE 433); *Glover v. State,* 46 Ga. App. 663 (1) (168 SE 788); *Brown v. State,* 150 Ga. 756 (1) (105 SE 289). Under these circumstances, the failure to charge said Code section without request is not reversible error. See, also, the cases cited in the majority opinion, to wit: *Jackson v. State,* 192 Ga. 373, 374 (15 SE2d 484); *Smith v. State,* 117 Ga. 259 (43 SE 703); *Prince v. State,* 180 Ga. 797 (5) (180 SE 768); *Bolton v. State,* 107 Ga. App. 883 (2) (131 SE2d 862). To the extent indicated above I agree with the majority opinion in Division 1, and to that extent only. The case of *Downs v. State,* 175 Ga. 439 (165 SE 112), cited by Judge Nichols in his dissent, was a case where the testimony of witnesses and other evidence, aside from the defendant's statement, created the issue of defense of habitation under *Code* § 26-1013, and it was held to be error to fail to give such section in charge even in the absence of a request, and such case was not authority for the ruling made in *Frazier v. State,* 88 Ga. App. 82 (76 SE2d 70), also cited by Judge Nichols.

■ I concur in Division 3 of the opinion, that the request to charge was not a perfect request because it was prefaced with the language "in this respect." I do not concur in other reasons given therein.

■ I concur in the other divisions of the opinion.

I am authorized to say that Judge Deen joins in this special concurrence.

NICHOLS, Presiding Judge, dissenting. ■ Under the decision of the Supreme Court in *Downs v. State,* 175 Ga. 439 (165 SE 112), and of this court in *Frazier v. State,* 88 Ga. App. 82 (76 SE2d 70), the charge on justifiable homicide in defense of habitation should have been given even in the absence of any request. While it is true that the court charged generally on justifiable homicide (*Code* § 26-1011), as pointed out in the *Downs* and *Frazier* cases, supra, such charge is not sufficient where the defense is based on justifiable homicide under con-

ditions bringing it within *Code* § 26-1013 dealing with defense of habitation.

The majority opinion holds that the defendant did not attempt to use persuasion, remonstrance or other gentle means to seek to persuade the deceased to leave her room and at the same time quotes from her statement the following which shows that she did attempt to use such persuasion and gentle means to get the deceased to leave her room: "I figured if I could get him out of the room without any trouble, that would be the best way. So I said to him: 'Lee, please go on and leave me alone. Don't start no more trouble.'" It was only after this occurred and the deceased struck the defendant that she fired the gun.

■ The charge requested by the defendant defining "habitation" was upon a subject raised by the defense and when considered with the charge which should have been given on defense of habitation was not imperfect and did not require any inference not required to be charged even without request.