### Dowda *vs.* The State of Georgia.

1. The act of September 28, 1881 (Acts 1881, p. 74), amending section 4368 of the Code of 1873 and the act passed February 28, 1876, amendatory of said section, is not void, because it states the number of the section to be amended correctly, but, by inadvertence or accident, refers to it as being part of the law of kidnapping, instead of the law of inveigling children. Inveigling children, under §4338, is as much kidnapping as the forcible abduction of a person under §4367.
2. The law does not require that the evidence should be set out in the indictment, but only that the offense should be charged in the terms and language of the Code, or so plainly that the nature of the offense can be easily understood by the jury.
3. That the solicitor general, in opening a criminal case, stated fully what he expected to prove against accused, furnished no ground of exception on the part of the latter, but was rather a benefit to him, by putting him fully on notice of the case which he was expected to meet.
4. On the trial of an indictment for kidnapping, under §4368 of the Code, a letter, written by the accused to the person abducted, containing expressions calculated to criminate the accused, was admissible in evidence.

January 21, 1885.

Laws. Criminal Law. Kidnapping. Indictment. Evidence. Practice in Superior Court. Before Judge HAMMOND. DeKalb Superior Court. March Term, 1884.

Dowda was indicted for kidnapping. The body of the indictment was as follows:

"Said Dowda . . . . did maliciously and fraudulently lead, take, carry away, decoy, entice away one Sarah Frances Ragsdale, she being a child under eighteen years of age, from her parents, J. C. Ragsdale and Minerva Ragsdale, against their wills and without their consent, contrary to the laws of said state," etc.

Defendant demurred to the indictment on the following grounds:

(1.) Because the act passed by the legislature the 28th day of February, 1876, amending section 4368 of the Code of 1873, by striking from said section the words, to-wit, " out of the limits of said state or any county thereof," is unconstitutional and wholly void in this, that said section is amended by said act by mere reference to the number of the section, and the act does not state the law to be amended as required by the constitution; and therefore the section 4368 of the Code of 1873 stood after the amendment as it did before, and the words stricken by said amendment should have been incorporated in said instrument.

(2.) Because the act passed by the legislature, September 28, 1881, amending section 4368 of the Code of 1873, and an act approved February 28, 1876, amendatory thereof, striking therefrom the word " twelve," and adding thereto the word " eighteen," is unconstitutional and wholly void, in this, that said act properly states the number of the section to be amended, but, by inadvertence or accident, refers to the law of " kidnapping,". instead of that of " inveigling children," and is therefore void.

(3.) Because said indictment fails to put defendant on notice from what place and to what place said Sarah Frances Ragsdale was taken by defendant, and also what

way and by what means said Sarah Frances Ragsdale was decoyed and enticed away by defendant.

The demurrer was overruled. Defendant was found guilty, and moved for a new trial, on the following among other grounds :

(1.) Because the court overruled the demurrer to the indictment.

(2.) Because the court allowed the solicitor general, in opening the case to the jury, over objection of the defendant, to state that he expected to prove that defendant had alienated the affections of the girl from her parents and taught her to look to him, and had induced her to leave with him by promises of educating her, giving her all she wanted, etc.

(3.) Because the court admitted in evidence a letter purporting to have been written by defendant.—The objection was that there was no evidence that it was intended for the girl, and because it was written after the crime was alleged to have been committed. [The girl testified that it was in defendant's handwriting, and it frequently addressed the writer as "dear Fannie," besides containing references to what had passed between them and to her parents. It was an elaborate expression of the undying devotion of the aged lover, and contained some allusion to the fact that she had promised not to swear against him.]

The motion was overruled, and defendant excepted.

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor general, by B. H. HILL, for the state.

BLANDFORD, Justice.

1. The plaintiff in error was indicted, under section 4368 of the Code, for the offense of kidnapping; the defendant demurred to the indictment, and moved to quash the same

upon the ground that the act passed September 28, 1881, amending section 4368 of the Code of 1873, and an act passed February 28, 1876, amendatory thereof, is void, in this, that said act states the number of the section to be amended, but, by inadvertence or accident, refers to the law of kidnapping, instead of the law of inveigling children; and because the indictment is not sufficiently full to put the defendant on notice of what crime he is to answer. This demurrer was overruled by the court, and defendant, the plaintiff in error, complains of this ruling of the court.

We do not think that there is anything in the demurrer. Inveigling children, under section 4368 of the Code, is as much kidnapping as the forcible abduction of a person under section 4367; so the act amending the 4368th section of the Code is not void, but valid.

2. Nor is there anything in the objection as to the fullness of the indictment. The offense is charged in the indictment in the terms and language of the Code, and so plainly that the nature of the offense can be easily understood by the jury, and this is all the law requires. Code, section 4328. The law does not require the evidence to be set out in the indictment, but only that the offense be charged in the terms and language of the Code.

3. When the solicitor general was opening the case to the jury, he was proceeding to state fully what he expected to prove against the accused. The defendant objected to the solicitor general's further proceeding, because there were no allegations in the indictment which would authorize the same. This objection the court overruled, and we think properly. The course pursued by Solicitor General Hill is to be commended; it is the privilege of the accused to be fully notified what he is expected to meet, and instead of being objected to by him, we think he would rather demand this course.

4. A certain letter written by the accused to the person who was abducted, in which certain expressions calculated to criminate the accused appear, was admitted in evidence,

over objections of the defendant, and this is also excepted
to. We do not think the exception well taken.

Judgment affirmed.