### 3863.   CENTRAL GEORGIA POWER CO. *v.* THE STATE.

The special presentment in this case was not subject to the demurrer filed by the defendant, and the court did not err in overruling the same.

DECIDED JANUARY 30, 1912.

Indictment for misdemeanor; from city court of Covington— Judge Whaley. November 2, 1911.

*Walter F. Johnson, Greene F. Johnson,* for plaintiff in error.

POTTLE, J.  A special presentment was returned by the grand jury of Newton county against the Central Georgia Power Company, charging it with a violation of the Penal Code (1910), § 681. The court overruled the demurrer to the presentment, and error is assigned upon this judgment.

The presentment alleged, that the accused, on the 16th day of September, 1911, in the county of Newton, " with force and arms did erect, and did continue, after notice to abate it, a nuisance which tends to annoy the community, and which tends to injure and which does injure the health of the citizens in general, by then and there creating and causing a pond of water to overflow and stand upon an area of land of three thousand acres, which pond contains logs, stumps, limbs, and growing and decaying matter, and is producing malaria, large quantities of mosquitoes, and creating poisons in the air, and causing sickness and disease in the community surrounding said pond in said county." The demurrers were to the effect that the special presentment failed to set out any offense against the law; that it failed to describe the nature and character of the nuisance, or the location of the nuisance; that it failed to set out either literally or in substance the notice to abate, or the person to whom the notice was given, or when the notice was given, and further failed to set out the officer or agent of the defendant company to whom the notice was given; that it failed to describe the character of the poisons in the air, alleged to have been created, or the nature and character of the sickness and disease alleged to have been caused by the nuisance, or who were made sick, or when and where the sickness and disease ensued; that it failed to allege that the nuisance " damages all persons who come within the sphere of its operation;" that it failed to set out the manner in which the pond of water referred to in the presentment was created and caused to overflow; that it failed to describe the pond by boundaries, or

other description, or to identify the particular stream, the obstruction of which caused the pond; that it failed to allege that the malaria and large quantities of mosquitoes in the air injured the health of the citizens in general, and failed to allege that the nuisance complained of is a public nuisance.

We do not think any of the grounds of the demurrer are well taken. Section 681 of the Penal Code, under which the special presentment was returned, is in the following language: "Any person who shall erect, or continue after notice to abate, a nuisance which tends to annoy the community, or injure the health of the citizens in general, or to corrupt the public morals, shall be guilty of a misdemeanor." While the statute makes criminal the erection, or maintenance after notice to abate, of a public nuisance, it is aimed at the particular kind of a public nuisance described in the statute, to wit, one which "tends to annoy the community, or injure the health of the citizens in general, or to corrupt the public morals." The erection, or maintenance after notice, of a nuisance such as is described in this statute is unlawful without reference to whether it is such a public nuisance as is described in the Civil Code (1910), § 4457. An indictment is sufficient which charges an offense in the language of the statute, and in which the acts alleged as constituting the offense are described with sufficient fullness to put the defendant on notice of the offense with which he is charged. *Glover* v. *State,* 126 *Ga.* 594 (1), (55 S. E. 592). It is not necessary that the evidence should be set out in the indictment; it is only necessary that the offense should be charged in the language of the code, or so plainly that the nature of the charge can be easily understood by the jury. *Dowda* v. *State,* 74 *Ga.* 12 (2). Tested by these rules, we think that the demurrer was properly overruled. The nuisance is described as being a pond located in the county in which the indictment was found, and it is sufficiently alleged how and in what manner this pond has become a nuisance. It was certainly not necessary to describe the particular kind of poisons in the air, or the particular disease or sickness which had been caused in the community surrounding the pond, nor who were made sick. It is earnestly insisted by able counsel for the plaintiff in error that the indictment should have specified and described the particular notice to abate, alleged to have been given, the person by whom it was given, and the person to whom it was

given. It is to be noted that the statute does not require any particular kind of notice. It means, of course, actual notice, either written or oral, but any such notice given to any person competent to receive it would be sufficient under the statute. In order to make out this case, it would be necessary for the State to prove notice to a person authorized to receive it on behalf of the defendant company, and such a notice as would be regarded a compliance with the provisions of the statute under which the indictment was framed.

It is argued by counsel for the plaintiff in error that the power company had the right, under the laws of this State, to build and maintain a pond and dam in connection with the operation of its business, and it is insisted that, having the right to do this, the State can not indict and punish it for an act which it was authorized to perform. But manifestly no such question as this can arise upon demurrer to this indictment. If the point is well taken, it can be made in defense to the indictment when the defendant is put on trial. The defendant is sufficiently informed of the nature and character of the offense alleged against it, and, in our opinion, the allegations of the presentment are sufficient as against the demurrer filed by the defendant.                              *Judgment affirmed.*