12948.  DAWKINS *v.* THE STATE.

The allegations of the indictment, which charged the accused with having offered to pay money to a certain sheriff if the sheriff would agree to allow him to make and sell alcoholic liquors, and agree not to interfere with him in the making and selling of such liquors, and agree not to prosecute him for any violation of the laws of Georgia in reference to the making and handling of such liquors, sufficiently charged a crime against the laws of this State.

DECIDED DECEMBER 13, 1921.

Indictment for misdemeanor; from Lincoln superior court — Judge Shurley. September 16, 1921.

Application for certiorari was made to the Supreme Court.

The demurrer was on the grounds; (1) that the indictment does not set forth a violation of any criminal law of this State, and (2) that the indictment " fails to set forth any cause pending or which shall depend before any officer, referee, or arbitrator, as set forth in the Criminal Code of Georgia relative to the offense of bribery."

*Robert W. Ware, F. H. Colley, C. J. Perryman,* for plaintiff in error, cited: Park's Penal Code, §§ 270, 271; 97 *Ga.* 367 (2); 14 Ala. 603; 16 Ky. Law Rep. 493, 494; 13 Cyc. 789 (definition of " depending "); 6 Cyc. 704 (definition of " cause "); Bouv. L. Dict., " Cause;" 40 *Ga.* 321; 26 Cyc. 1589 (" matter ")..

*M. L. Felts, solicitor-general,* contra, cited: Park's Penal Code, §§ 270, 271, 272.

BLOODWORTH, J. 1. An indictment charging "the offense of misdemeanor, for that " the accused " did then and there unlawfully and with force and arms, and maliciously and directly, offer to give money to W. S. Harrison, sheriff of Lincoln county, an officer in an office of government and of justice in said State, to influence the behavior of said W. S. Harrison, sheriff as aforesaid, in that he did offer to pay to said W. S. Harrison any sum of money that he the said W. S. Harrison would name, if the said W. S. Harrison would agree to allow him the said W. H. Dawkins to make and sell mixed, acoholic, spirituous, and fermented and mixed liquors and beverages, and agree to not interfere with him, the said W. H. Dawkins, in the making and selling of said liquors and beverages, and agree not to prosecute him, the said W. H. Dawkins, for any violation of the laws of Georgia in reference to the making and handling of said liquors and beverages, contrary to the laws of said State, the good order, peace and dignity thereof," sufficiently charges a crime against the laws of this State, and the court did not err in overruling the demurrer thereto.

2. There is ample evidence to support the verdict of guilty.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*