### 13364.  PAYNE *v.* THE STATE.

BROYLES, C. J.  1.  "When the accused seeks, after the finding of the indictment, to raise the objection that one of the grand jurors was disqualified propter defectum, it is incumbent upon him to show that he did not have an opportunity to raise the objection before the indictment was found." *Parris* v. *State*, 125 *Ga.* 777 (4) (54 S. E. 751), and citations.  The above ruling is even more strictly applied where the objection is propter affectum. *Betts* v. *State*, 66 *Ga.* 508 (6), 514; *Nichols* v. *State*, 17 *Ga. App.* 593, 606, 607 (87 S. E. 817), and authorities cited.

(a) In the instant case the defendant filed a plea in abatement, setting up that the foreman of the grand jury that returned the special presentment against him was disqualified propter affectum.  The court's order finding against the plea was as follows: "On hearing had before the court, without a jury, on the within plea in abatement, testimony having been heard, and argument had, the court hereby finds against the said plea in abatement, . . and because also defendant had opportunity if he desired to challenge the competency and qualification of the [grand] juror before the indictment was returned."  The finding of the trial court that the defendant had opportunity to challenge the grand juror before the indictment was returned was authorized by the evidence adduced upon the hearing of the plea, and is therefore conclusive upon this court; and, under the above ruling, it cannot be held that the finding against the plea in abatement was error.

2. The court did not err in overruling the demurrer to the indictment.

(a) Conceding, but not deciding, that the indictment in this case shows upon its face that it was drawn under section 270 only of the Penal Code of 1910, punishment for a violation of that section is prescribed by section 271. *Payne* v. *State* (this case), 153 *Ga.* 882 (113 S. E. 446).

(b) The office of a policeman of the City of Atlanta is "an office of government or of justice," and such a policeman is "an officer of this State," within the meaning of sections 270 and 271 of the Penal Code of 1910, and he is subject to be indicted under such sections for the offense of bribery. *Payne* v. *State*, supra.

(c) Thére is no merit in any of the other grounds of the demurrer.  See,

in this connection, *Dawkins* v. *State*, 27 *Ga. App.* 774 (109 S. E. 916).

3. The evidence, direct and circumstantial, amply authorized the defendant's conviction, and none of the grounds of the amendment to the motion for a new trial shows reversible error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 5, 1922.

Indictment for bribery; from Fulton superior court — Judge Humphries. January 14, 1922.

The indictment charged W. L. Payne and P. V. West with " the offense of bribery, for that said accused, in the County of Fulton and State of Georgia, on the first day of June, 1920, with force and arms, did unlawfully receive of and from Nat Mc-Whorter the sum of two thousand dollars  .  .  in money as a reward given said accused persons by the said Nat McWhorter to influence the behavior of said accused persons in the discharge of their official duties, they each being then and there policemen of the City of Atlanta, Fulton county, Georgia, said sum of money being given by the said Nat McWhorter to said above-named officers, W. L. Payne and P. V. West, to influence said officers to refrain from arresting the said Nat McWhorter for violating the State prohibition law, and the said two thousand dollars having been received and accepted by the said accused persons herein named as a reward to influence them to refrain from arresting the said Nat McWhorter in his illegal traffic in intoxicating liquors, in which traffic he, Nat McWhorter, was at that time engaged, and which fact was known to accused herein; and said two thousand dollars was accepted as a reward by the accused herein to influence their behavior in furnishing police protection to said Nat Mc-Whorter in his illegal traffic in intoxicating liquors; in violation of the laws of the State of Georgia; and all the acts of the accused herein complained of were and are contrary to the laws of said State, the good order, peace, and dignity thereof."

Payne demurred generally, and on the following grounds: The indictment charges no crime against him because: (2) It does not appear from the indictment that he was an officer of the State of Georgia. (3) It appears that he is a policeman of the City of Atlanta and not an officer of the State, and is not such an officer as can receive a bribe. (4) It is not charged that any matter was depending or should depend before him. (5) It is

not alleged that Nat McWhorter was violating the State prohibition law at a place in this State where the defendant would have legal authority to arrest him or to interfere with him in any way if he was violating that law. (6) It is not alleged that the defendant ever had legal authority to arrest McWhorter or otherwise deal with him if he was violating the State prohibition law. (7) It is not alleged that the defendant's official duties required him to arrest McWhorter or otherwise interfere with him, it not being alleged that McWhorter had committed any crime in the presence of the defendant, or that he was endeavoring to escape, or that from other cause there was likely to be a failure of justice for want of an officer to issue a warrant.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.