20983.   SAUNDERS *v.* THE STATE.

60

*A. E. Wilson, Hooper & Hooper,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, William Schley Howard,* contra.

BROYLES, C. J. ■ The defendant, a member of the General Council of the City of Atlanta, was convicted of the offense of bribery. He was tried on an indictment containing four counts, and was convicted on counts 1, 2, and 3, and acquitted on count 4. He demurred specially to each count, and the demurrer was overruled. The defendant having been acquitted on the fourth count, the demurrer as to that count will not be considered. The demurrer to the other counts contained the following grounds:

"1st. That the indictment fails to set out in what respect the official behavior of said accused was to be influenced by the payment of the money alleged to have been given him and what official act was to be performed or not to be performed by him as a result of the payment of said sum.

"2d. Defendant especially demurs to count 2 of the indictment, because: (*a*) That the indictment fails to set out in what respect the official behavior of said accused was to be influenced by the payment of the money alleged to have been given him, and what official act was to be performed or not to be performed by him as a result of the payment of said sum. (*b*) Because said indictment fails to allege to whom said offense was unknown until after the date of December 1, 1929.

"3d. Defendant demurs especially to count 3, because: (*a*) That the indictment fails to set out in what respect the official behavior of said accused was to be influenced by the payment of the money alleged to have been given him and what official act was to be performed or not to be performed by him as a result of the payment of said sum. (*b*) Because said indictment fails to

allege to whom said offense was unknown until after the date of December 1, 1929.

"5th. Defendant demurs especially to each and every count because said indictment charges defendant as being a member of General Council of the City of Atlanta, a municipal corporation, and having received a bribe as such, and because said indictment fails to allege that said Saunders is a member of the General Assembly or officer of this State, subject to the offense of bribery.

"6th. Defendant demurs to each and every count of said indictment because said indictment fails to allege that the matter depending before the General Council in said count was a matter over which said General Council had jurisdiction or that such matter was lawfully depending before said body.

"7th. Defendant demurs to each and every count in the indictment because the acts charged against the defendant are not set out with sufficient particularity to enable him to make a defense thereto."

(a) Grounds 1, 2(a), 3(a), and 7 all allege that the indictment, in its several counts, fails to set forth with sufficient particularity the offense charged. There is no merit in these grounds. "The law does not require that the evidence should be set out in the indictment, but only that the offense should be charged in the terms and language of the Code, or so plainly that the nature of the offense can be easily understood by the jury." *Dowda* v. *State,* 74 *Ga.* 12 (2); Penal Code (1910), § 954. See, in this connection, *Dean* v. *State,* 9 *Ga. App.* 303, 305 (71 S. E. 597), where the charges in the indictment were not set forth with as much particularity as in the indictment in the instant case, and yet the indictment was held not subject to a special demurrer calling for greater particularity. In addition, see *Payne* v. *State,* 29 *Ga. App.* 156 (2) (114 S. E. 226); *Cook* v. *State,* 22 *Ga. App.* 770, 773, 774 (97 S. E. 264).

(b) Grounds 2(b) and 3(b) allege that the indictment is defective because it "fails to allege to whom said offense was unknown until after the date of December 1, 1929." There is no merit in these grounds of the demurrer. "The particular facts which constitute exceptions to the bar of the statute of limitations need not be minutely alleged in the bill of indictment. It is sufficient if any of the exceptions stated in the Penal Code, § 30, be stated in the language therein employed. As to such exceptions the State is only

required to show a prima facie case, as this is not matter essential to the actual guilt or innocence of the accused." *Cohen* v. *State,* 2 *Ga. App.* 689 (59 S. E. 4).

(c)   There is no merit in ground 5, which alleges that the indictment is defective because it "fails to allege that said Saunders is a member of the General Assembly or officer of this State, subject to the offense of bribery." It was specifically held by this court in *York* v. *State,* 42 *Ga. App.* 453 (156 S. E. 733), that a member of the General Council of the City of Atlanta is subject to prosecution and conviction under the bribery statute of this State..

(d)   Ground 6 of the demurrer is likewise without merit, under the decision in the *York* case, supra, and the authorities therein cited.

Under the foregoing rulings the court did not err in overruling all the grounds of demurrer to the indictment.

■   The court did not err in refusing to direct a verdict of not guilty on counts 1 and 3 of the indictment. Under repeated decisions of the Supreme Court and of this court, a refusal to direct a verdict in any case, civil or criminal, is never cause for a new trial.

■   The judge, in his general charge upon all the counts of the indictment, having instructed the jury upon the law of circumstantial evidence, his failure (evidently inadvertent) to repeat such instructions in that portion of his charge which specially refers to count 1 of the indictment, does not require a new trial. This is true although he did repeat such instructions in that part of his charge which specially referred to count 3 of the indictment.

■   The exclusion of a certain portion of the testimony of a witness will not require a new trial where in another part of the testimony substantially the same evidence as that which was rejected was allowed to go to the jury. *Williams* v. *State,* 145 *Ga.* 177 (2) (88 S. E. 958). This ruling disposes of special ground 4 (count 1) of the motion for a new trial.

■   Special ground 3 (count 1) of the motion contends, in effect, that since the witness Taylor (the person charged to have bribed the defendant by giving him a check) testified that he gave the check as a loan, and not as a bribe, the transaction could not be bribery, but would merely create the relation of debtor and creditor between the defendant and Taylor. There is no merit in this contention.

While the testimony of Taylor was not directly controverted by the testimony of any other witness, it was indirectly challenged by abundant circumstantial evidence, and the jury had the right to disregard Taylor's evidence. As was said by Chief Judge Russell, in *Haverty Furniture Co.* v. *Calhoun,* 15 *Ga. App.* 621 (84 S. E. 138) : "It has never been held, and never can be held, that it is not within the power of a jury, after considering testimony of a particular witness, to disbelieve it, either from his appearance or his demeanor or manner upon the stand, or from the inherent nature of the facts testified to by him, although it be uncontradicted."

■ There was no fatal variance between the allegations of count 2 of the indictment and the proof, the defendant being charged in that count with receiving from E. B. Respess one hundred dollars in money, and the proof showing that said Respess gave the defendant two bank checks signed by the wife of Respess for fifty dollars each, and that the defendant cashed the checks and obtained thereon one hundred dollars in money. See *Fleming* v. State, 122 Ohio, 156 (171 N. E. 27).

■ Under repeated decisions of the Supreme Court and of this court, the failure of the judge to instruct the jury upon a theory of the defense raised solely by the defendant's statement to the jury is not error, in the absence of a timely written and appropriate request. Under this ruling there is no merit in special grounds (c) and (e) (count 2) of the motion for a new trial. The allegations in ground (e) that the theory of the defendant's defense raised by his statement was supported by the testimony of two witnesses is not substantiated by the testimony set forth in the ground.

■ Special ground (d), "count 2," of the motion for a new trial is not complete and understandable within itself. In order for this court to ascertain whether this ground shows error, it would be necessary to refer to the brief of evidence.

■ The remaining special grounds of the motion for a new trial fail to disclose any reversible error.

■ The verdict was amply authorized by the evidence, and there is no merit in the defendant's contention that the trial judge failed to exercise a sound discretion in passing upon the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

64

BROYLES, C. J. After a careful consideration of all the grounds of the motion for a rehearing, the fifth headnote of the decision has been reworded, and the motion is

*Denied. Luke and Bloodworth, JJ., concur.*