## 26894. TURNER v. THE STATE.

DECIDED NOVEMBER 21, 1938.

*Howard, Tiller & Howard, John H. Hudson, J. O. Ewing,* for plaintiff in error.

*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

BROYLES, C. J. The defendant and W. C. Nix were jointly indicted for the offense of bribery. The indictment contained three counts. The defendant was tried alone in the criminal court of Fulton County, and was convicted on count 3, and acquitted on counts 1 and 2. Therefore we will consider count 3 only, which (formal parts omitted) reads as follows: "And the grand jurors aforesaid . . charge and accuse F. A. Turner and W. C. Nix with the offense of bribery; for that accused, in County of Fulton, State of Georgia, on the 8th day of March, 1937, with force and arms, did unlawfully receive of and from Gene Moss a sum of money, the exact amount of which is to the grand jurors unknown, as a reward given to said accused by the said Gene Moss to influence the behavior of accused in the discharge of their official duty, they each being then and there policemen of the City of Atlanta, Fulton County, Georgia; said sum of money being given by said Gene Moss to said accused to influence accused to refrain from arresting certain persons who are to the grand jurors unknown, for violating the lottery law of Georgia which says (sec. 26-6502) that 'Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing shall be guilty of a misdemeanor;' and the said money having been received and accepted by said accused as a reward to influence accused to refrain from arresting the said unknown persons for violating the said law as aforesaid, which illegal lottery business conducted by said persons who are to the grand jurors unknown was then and there known

to the accused; and the said money was accepted as a reward by the accused to influence their behavior in furnishing police protection to the said persons who were so engaged in said illegal lottery business as aforesaid. The acts charged in this count are separate acts from those charged in any other count of this indictment, the date herein alleged being material to distinguish this count from any other; and all the acts of accused here complained of were and are contrary to the laws of said State, the good order, peace, and dignity thereof." To the count the defendant interposed a general demurrer and the following special demurrer: "Defendants demur.especially to all of the .allegations contained in count 3 of said indictment which charged that the sum of money was unknown to the grand jurors, and that said persons who are alleged to have been violating the lottery law were unknown, on the same ground .and for the same reason as set forth as grounds of demurrer to counts 1 and 2 in this indictment, in that they were not statements of fact; they were mere conclusions of the pleader; no reason appeared in said count 3 as to why it is necessary that these charges should be pleaded .in such vague, indefinite, uncertain, and visionary manner; no reason appears nor is it stated in said count 3 why said alleged amount of money was unknown to the grand jurors [or why] said alleged persons were unknown to the grand jury, nor that the type or kind of lottery should not be stated in said count 3; nor the manner or way or means of influencing said accused to refrain from arresting said alleged unknown persons; nor does it appear in said count 3 how said unknown persons were unknown to the accused; no act or word or deed of the accused is pleaded therein from which any legal inference may be drawn that said unknown persons were known to the accused; no contacts are pleaded, no places of contact or association with accused is shown; no fact or circumstance or statement is made in count 3 as to show how or when or where, or in what manner 'police protection' was furnished to said unknown persons, and no reason is stated as to why said persons are unknown, or why it was peculiarly within the province of accused to do the particular thing of finding out, discovering, and prosecuting persons whom the other officers of Atlanta Police Department could not find out, discover, arrest, and prosecute. All of said charges are so vague, indefinite, and .uncertain as not to constitute a crime under the law of Georgia, and said

indictment is wholly insufficient in law to charge any offense against the accused for the reasons stated in this their demurrer to each and every count in said indictment."

The demurrers, general and special, were overruled, and the defendant assigns error on that judgment. The case proceeded to a verdict and judgment of guilty, and the accused obtained a writ of certiorari which was subsequently overruled by the judge of the superior court. The case was brought to the Supreme Court, it being alleged in the bill of exceptions that "the Supreme Court . . has jurisdiction of this case, because there are constitutional questions involved." The Supreme Court transferred the case to this court, holding, in effect, that the constitutional questions in the case, even if properly raised, "involved mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts."

In our opinion, count 3 of the indictment was not subject to general demurrer, or to the special demurrer. "That which, from the nature of the case, can not be alleged need not be; and it is of frequent occurrence that the name of the person injured is unknown. Justice must not fail, nor the community go unprotected, for such cause. If the name is unknown, and it is so averred, it need not be proved." State v. Wilson, 30 Conn. 507; Commonwealth v. Sherman, 13 Allen (Mass.), 248; Commonwealth v. Stoddard, 9 Allen, 280. The foregoing cases are cited approvingly in Nelms v. State, 84 Ga. 466, 468 (10 S. E. 1087, 20 Am. St. R. 377). See also Ray v. State, 4 Ga. App. 67 (60 S. E. 816). The complaint in the special demurrer that count 3 of the indictment failed to specify what kind of a lottery (in connection with which the bribe money was alleged to have been paid to the defendant) was being operated, is without merit. The nature of the lottery was merely incidental to the bribery charge; and the allegations, coupled with the facts set forth in said count, were sufficient to charge the offense of bribery. See Dawkins v. State, 27 Ga. App. 774 (109 S. E. 916); Payne v. State, 29 Ga. App. 156 (2) (114 S. E. 226).

Complaint is made in the petition for certiorari that the judge overruled a motion to declare a mistrial, based upon the admission of evidence as to a witness for the State having been threatened since his testimony before the grand jury. When the evidence was

objected to, and the motion for mistrial was made, the court stated: "The court has ruled out of the evidence the testimony objected to, and I now instruct the jury not to consider it in reaching their verdict in this case; so the motion for a mistrial is overruled." We see no error in this ruling. The cases cited by the plaintiff in error are not applicable here. Complaint is also made that various isolated bits of evidence, which were purely hearsay, were introduced by the State. We think the evidence was properly admitted, since it consisted of acts and declarations of co-conspirators of the defendant, pending the commission of the offense charged. The evidence showed that such acts and declarations were not isolated ones concerning a specific bribe on one or two occasions, but related to a series of small amounts of money given weekly as bribes. It is well settled that the giver of a bribe is an accomplice of the receiver of the bribe; and "where a conspiracy to bribe is established, the declaration and acts of the co-conspirators, before the conspiracy is abandoned, are competent." 4 R. C. L. 191, § 23; *Rawlins* v. *State*, 124 *Ga.* 31 (12) (52 S. E. 1). The admission of the evidence was not error.

Error is assigned upon the ruling of the court admitting in evidence two accusations, and also photographs attached thereto, "charging Jim Fulcher, alias Jim Moss, with operating a lottery. The defendant objected to the pictures and the accusations, on the ground that no reason appeared why the witness should not be brought into court, placed on the witness-stand, so that the defendant could be confronted with him, and his counsel could have the right to cross-examine him; and on the further ground that it deprived the defendant of his constitutional right to be confronted with this man as a witness, and the jury of the right to see the witness and observe his manner on the witness-stand." The evidence authorized a finding that Jim Fulcher, alias Jim Moss, was a co-conspirator of the defendant, and was the same man that the officers arrested as Gene Moss. Before the photographs were introduced in evidence they were shown to various witnesses on the stand, and identified as the photographs of the man that they saw receiving money from lottery "pick-up" men and "checking up" on them. Several witnesses identified the photographs as the pictures of the man that they saw hand a brown sack to the defendant on an occasion when the witnesses and the chief of the Atlanta police

department were watching the defendant—a transaction referred to in count 3 of the indictment. Before the accusations were put in evidence several officers testified, without objection, that Fulcher, alias Moss, had been arrested in lottery cases, and that he had pleaded guilty when brought to trial. This testimony was followed by the introduction in evidence of the accusations which showed the specific charges against Fulcher, alias Moss, and his pleas of guilty thereto. In our opinion the accusations and photographs were admissible as evidence, since they tended to support the charges against the defendant that Fulcher, alias Moss, was a co-conspirator of the defendant in the instant case, and that he had given bribes to the defendant on the various occasions charged in the indictment. The objection offered to .the admission of the evidence on the ground "that it deprived the defendant of his constitutional right to be confronted with this man as a witness, and the jury of the right to see the witness and observe his manner on the witness-stand," is insufficient to raise any constitutional question before this court, since the ground does not specify the particular paragraph or section of the constitution alleged to have been violated. *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103) ; *Johns* v. *State,* 180 *Ga.* 187 (3) (178 S. E. 207).

The evidence, direct and circumstantial, together with the legal inferences and deductions arising therefrom, authorized· the verdict; and the judgment overruling the certiorari was not error.for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*