32292. WELLBORN *v.* THE STATE.

DECIDED FEBRUARY 1, 1949.

522

 

*Barrett & Hayes*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *William Hall*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Ground 1 of the special demurrers to each count is to the following language of the indictment, "and it being provided by the lawful ordinance of the City of Atlanta that it was his duty as such to have charge and control over the operation of the Department of Municipal Auditorium."

Ground 2 of the special demurrers to each count is to the following language, "and to collect from such persons the charges and fees as fixed by the Municipal Building and Athletic Committee of the General Council of the City of Atlanta."

Ground 3 of the special demurrers to each count of the indictment is to the following language, "said part of his duty as above outlined be established (a) by usage and custom in the Department of Municipal Auditorium of the City of Atlanta as in vogue and established under the supervision of the Municipal Building and Athletic Committee of the General Council of the City of Atlanta."

Ground 4 of the special demurrers to each count of the indictment is to the following language, "(b) by authority and instruction of said named committee."

Ground 5 of the special demurrers to each count of the indictment is to the following language, "to influence corruptly, to act partially and in favor of . . [different names are inserted in different counts here as to the person paying the alleged bribe] in the rental of space in the Municipal Auditorium for the show-

ing of . ." A different show and the date thereof is alleged in each count.

The defendant contends by said special demurrers as to ground 1 that the language complained of should be stricken because the ordinance referred to therein not being pleaded, it amounts only to a conclusion of the pleader; as to ground 2 that the language complained of should be stricken because in the absence of allegations in the indictment stating such a list of fees and charges for space in the auditorium as promulgated by the Athletic Committee, it amounts only to a conclusion of the pleader and is not sufficient to put the defendant on notice of what he must defend; as to grounds 3 and 4 that the language complained of should be stricken because the same is vague and indefinite, amounts to but a conclusion of the pleader, and is in conflict with another portion of the indictment which alleges that the defendant as manager of the auditorium, derives his duties by virtue of a lawful ordinance of the City of Atlanta; and as to ground 5 that the language complained of should be stricken because the same is vague and indefinite in that it does not allege in what manner or by what means the defendant was to influence corruptly, nor as to what manner the defendant acted partially toward the parties named in the indictment, that the same does not set out to whose detriment any partiality was shown, does not allege any legal duty violated by the defendant, and amounts to a mere conclusion of the pleader unsupported by alleged facts upon which such conclusion can be drawn.

The crimes charged in the indictment are not based on the city ordinance referred to therein and complained of in ground one of the special demurrers. The gravamen of these offenses is the bribes the defendant is alleged to have accepted. The reference to the city ordinance is merely to show that the defendant held such office as is contemplated by Code § 26-4101 wherein the crime of bribery is defined and renders admissible in evidence the ordinance itself. Also the charges and fees as fixed by the Municipal Buildings and Athletic Committee of the General Council of the City of Atlanta form no part of the gist of the crimes charged here and referred thereto in the indictment but constitute merely an explanation of the duties of the defendant. The charges and fees referred to in the indictment as

complained of in ground 2 of the special demurrers renders such charges and fees admissible in evidence. The law does not require that the evidence should be set out in the indictment. See *Dowda* v. *State*, 74 *Ga.* 12(2).

Grounds 1 and 2 of the special demurrers as to each count of the indictment are without merit.

■ Construing the counts of the indictment as a whole it appears to be clearly alleged that the defendant was manager of the auditorium by virtue of a city ordinance, that his official duties material to the charges contained in the indictment were to lease floor space to persons seeking to use the auditorium for the purpose of giving exhibitions, concerts, shows, wrestling matches, conventions, dances, and meetings, to collect from such persons the charges and fees fixed therefor and to pay the same to the tax collector of the City of Atlanta; that a part of these duties he derived by virtue of an ordinance, a part by usage and custom, and a part by authority and instructions of a committee of the municipal government of Atlanta charged with the supervision of the auditorium. These allegations are sufficiently plain for the nature of the offenses to be easily understood by the jury. See *Dowda* v. *State*, supra.

Grounds 3 and 4 of the special demurrers are without merit.

■ In *Saunders* v. *State*, 43 *Ga. App.* 59 (158 S. E. 433), the grounds of the demurrers were substantially that the indictment fails to set out in what respect the official behavior of said accused was to be influenced by payment of the money alleged to have been given him and what official act was to be performed or not to be performed by him as the result of the payment of said sum. It was there held that the indictment met the requirements of our law which is only that the offense be charged in the terms and language of the Code or so plainly that the nature of the offense can be easily understood by the jury. See Code, § 27-701.

The *Saunders* case controls the instant case as to special ground 5 of the demurrers adversely to the contentions of the defendant.

■ The motions to quash, in the nature of general demurrers as to each count contained in the indictment, contend substantially: (1) that the counts of said indictment do not set out

the violation of any law, because they fail to allege the breach of any lawful duty which the defendant was bound to perform; (2) that the indictment is not sufficient to charge the offense of bribery, because it alleges no breach of official duty, but shows to the contrary that he performed each duty imposed upon him, the indictment containing no allegation that the city was defrauded, or that anyone suffered loss; and (3) that the indictment does not charge with certainty and precision the facts and circumstances necessary to constitute bribery, and does not allege with particularity sufficient facts to put this defendant on notice as to what he is to defend.

As hereinbefore pointed out indictments are deemed to be sufficiently technical and correct which state the offense in the terms and language of the Code or so plainly that the nature of the offense charged may easily be understood by the jury. See Code, § 27-701; *Dowda* v. *State,* supra; *Saunders* v. *State,* supra.

Code § 26-4101 defines bribery as follows: "Bribery is the giving or receiving any undue reward to influence the behavior of a person receiving such reward in the discharge of his duty in any office of government or justice." The indictment here alleges the defendant to be an officer of the City of Atlanta. A municipal officer is such an officer as comes within the meaning of the Code. See *Saunders* v. *State,* supra; *Payne* v. *State,* 29 *Ga. App.* 156 (114 S. E. 226). The indictment alleges that he received specific sums of money from named persons to influence him corruptly to act partially and in favor of such named persons.

The contention that the indictment is defective because it fails to allege any breach of duty on his part is without merit. See *Saunders* v. *State,* supra. The contention that the indictment is defective because it fails to allege that anyone was defrauded because of his act is without merit. See *Payne* v. *State,* supra.

Each count of the indictment charges the offense of bribery so plainly that the nature thereof may easily be understood by the jury and is sufficient. Neither the motions to quash in the nature of general demurrers nor the special demurrers are meritorious and the judgment of the trial court overruling the same is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*