### 21376.   WILLIAMS v. THE STATE.

ARGUED SEPTEMBER 14, 1961—DECIDED OCTOBER 5, 1961.

*Joseph W. Love, Thomas H. Antonion,* for plaintiff in error.
*Paul Webb, Solicitor-General, J. Walter LeCraw,* contra.

GRICE, Justice.   Whether an indictment charging possession of indecent and obscene photographs is subject to the defendant's demurrers is the issue presented to this court. Jurisdiction is invoked since some of the demurrers challenge the constitutionality of the statute upon which the indictment is founded.

That statute is Ga. L. 1878-9, p. 163, as amended (*Code Ann.* § 26-6301), which, insofar as is relevant here, provides: "Any person . . . who shall possess . . . any indecent, immoral, or obscene pictorial newspaper, book, pamphlet, magazine, newspaper, film, picture, recording or other printed paper or obscene

matter principally made up of pictures, stories or sounds of deeds of lust tending to debauch the morals . . . shall upon conviction, be punished by . . . Provided, that any legitimate or licensed radio station, television station, moving picture theater, or newspaper, published primarily for the distribution of public news, shall be exempt from the provisions of this section."

Charging that on a named date she ". . . did unlawfully possess and have under her control certain indecent and obscene photographs . . ." the grand jury of Fulton County indicted this defendant for the offense of "Possessing Indecent and Obscene Photographs." The defendant's general and special demurrers to the indictment were overruled on every ground and, excepting to such ruling, she brought her case to this court.

Since it is always the duty of a court to inquire into its jurisdiction, upon its own motion where there is doubt, we turn our attention to those demurrers relating to the statute's alleged unconstitutionality. In performing this duty we are mindful that in order to raise a question for this court's consideration as to the constitutionality of a statute, at least three things must be shown: "(1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision." *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774 (95 SE2d 677).

The first constitutional challenge is that the portion of the statute exempting certain radio and television stations, motion picture theaters and newspapers "is violative of Section 2-401 of the Constitution of the State of Georgia in that general laws must have uniform operation and must apply equally to all citizens including radio and TV stations as well as newspapers." This attack does not clearly designate the provision of the Constitution alleged to have been violated since there is no "Section 2-401" of the Georgia Constitution. If the intended reference is to *Code* § 2-401, such would be ineffective because

the existing 1945 Georgia Constitution was enacted subsequently to the official 1933 Code and thus was not a part of it. See *Adams v. Ray,* 215 Ga. 656 (113 SE2d 100). The second objection lodged against this exemption of the statute is that it "violates the United States Constitution Section 1-801 (Ga. Code) providing for freedom of the press . . ." Even if this constitutional designation be held sufficient under *Buchanan v. Heath,* 210 Ga. 410 (80 SE2d 393) due to its identification as "providing for freedom of the press," this attack still fails because it does not show *wherein* the statute violates such provision of the Constitution. Cf. *Sanders v. Hinton,* 171 Ga. 702 (4), 711 (156 SE 812) and *Jordan v. State,* 172 Ga. 857, 858 (159 SE 235). This same demurrer also asserts that the statute "is class legislation in that some are exempt from punishment as radio and TV stations as well as newspapers and are not within the purview of the statute." Here again, the demurrant fails to designate the constitutional provision claimed to be violated.

Another ground challenges the entire statute in four particulars: (1) that it "violate [s] the defendant's rights guaranteed under the Constitution of the United States and paragraph 14 of Section 1, article 1, of the Constitution of Georgia, same section being Section 2-115. . ." (2) that it "deprive [s] the defendant of her rights under the Fourteenth Amendment to the United States Constitution; paragraph two (2) and three (3) of Section 1, article 1 of the Constitution of Georgia, same being Section 2-102 and 2-103 . . ." (3) that it "violate[s] paragraphs one (1) and Two (2) of Section 4 of article one (1) of the Constitution of the State of Georgia, same being Section 2-401 and 2-402 . . ." and (4) that it is "unconstitutional and void because [it] violates the provisions of paragraph 8 Section 7 of article 3 of the Constitution of Georgia, same being Code Section 2-1908." It is significant that in none of the foregoing language is there any mention whatsoever as to *wherein* the statute under attack violates any constitutional provision.

The other grounds of demurrer do not involve any issue as to constitutionality, nor any other issue of which this court has jurisdiction.

None of the grounds of demurrer having properly raised a question as to the constitutionality of the statute here involved and there being no other basis for this court's jurisdiction, the case is

*Transferred to the Court of Appeals. All the Justices concur.*