39243. WILLIAMS v. THE STATE.

NICHOLS, Presiding Judge. The defendant was indicted for the possession of indecent and obscene photographs. Her special and general demurrers to the indictment were overruled and she appealed to the Supreme Court. The defendant, in some grounds of her general demurrers, had sought to have the act declared unconstitutional and after determining that no constitutional question was presented, which would give the Supreme Court jurisdiction of the writ of error, it was transferred to this court. See *Williams v. State*, 217 Ga. 312 (122 SE2d 229). The indictment, in so far as is here material, was as follows: "The Grand Jurors . . . charge and accuse Mozell Williams with the offense of: felony (possessing indecent and obscene photographs) for that the said accused, in the County of Fulton and State of Georgia, on the 15th day of November, 1960, with force and arms, did unlawfully possess and have under her control certain indecent and obscene photographs of nude men and nude women exhibiting their sexual organs, some of said photographs showing nude men and nude women engaged in acts of sexual intercourse, some of said photographs showing nude men and nude women engaged in acts of perversion; said photographs tending to debauch the morals. . ." *Held:*

1. The judgment of the Supreme Court (*Williams v. State,* supra), disposes of the constitutional attacks upon the statute under which the indictment was brought.

2. The indictment alleged that the defendant "did unlawfully possess and have under her control" the described indecent and obscene photographs. While the defendant contends, in support of her demurrers, that the indictment failed to allege that she knowingly possessed such photographs, the above-quoted language was sufficient to allege "possession" and not mere "custody" (see *Henley v. State,* 59 Ga. App. 595 (2), 2 SE2d 139), so that knowledge of the images on the photographs was alleged, and such allegation was not a conclusion but an allegation of fact.

3. The allegations of the indictment that some of the pictures showed nude men and nude women "engaged in acts of perversion" was not a conclusion but an allegation of fact which would be a matter of evidence. "The law does not require

that the evidence should be set out in the indictment." *Wellborn v. State,* 78 Ga. App. 520 (1a) (51 SE2d 588). See also *Dowda v. State,* 74 Ga. 12 (2).

4. The indictment was not subject to the defendant's general demurrer, for it was brought in the language of the act of 1956 (Ga. L. 1956, p. 801; *Code Ann.* § 26-6301), where applicable, and further described photographs in the defendant's possession and under her control. " 'It is a well-settled rule in this State, that the language of an indictment is to be interpreted liberally in favor of the State.' *Greene v. State,* 109 Ga. 536, 540 (35 SE 97)." *Bond v. State,* 104 Ga. App. 627 (1) (122 SE2d 310).

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 23, 1962.

*Joseph W. Love, Thomas H. Antonion,* for plaintiff in error.
*Paul Webb, Solicitor-General, J. Walter LeCraw, Assistant Solicitor-General,* contra.