A89A1941. THE STATE v. LASSITER.
(387 SE2d 596)

SOGNIER, Judge.

The Superior Court of Camden County granted William Lassiter's demurrer to his indictment on a charge of bribery and the State appeals.

The indictment charged that appellee committed the offense of bribery "on or before July 2, [1986] . . . [in that appellant did] give or offer to give another person, to-wit: Stanley Edgy, a Deputy Sheriff of Camden County, Georgia, acting for or on behalf of a political subdivision of the State of Georgia, a benefit or consideration to which he was not entitled, to-wit: United States Currency, with the purpose of influencing him in the performance of an act related to the functions of the office or employment of the said Stanley Edgy, all of said act being contrary to the laws of said State, the good order, peace and dignity thereof." The superior court noted that the indictment failed to state what appellee attempted to influence the deputy sheriff to do, and, citing *State v. Black,* 149 Ga. App. 389 (254 SE2d 506) (1979), held that the indictment as framed failed sufficiently to apprise appellee of "what he must be prepared to meet."

We reverse. We find this case controlled by the opinions in *Humphrey v. State,* 231 Ga. 855, 860 (III) (204 SE2d 603) (1974) and *Wellborn v. State,* 78 Ga. App. 520, 524 (1) (c) (51 SE2d 588) (1949). See also *Saunders v. State,* 43 Ga. App. 59, 61 (1) (a) (158 SE 433) (1931). The only factual distinction between those opinions and this appeal is that in each of those cases, the accused was the person who accepted the bribe, rather than, as here, the person who allegedly proffered the bribe. Like appellee here, the accuseds in *Wellborn* and *Saunders,* supra, specifically challenged the failure of the indictments "to set out in what respect the official behavior . . . was to be influenced by payment of the money alleged to have been given . . . and what official act was to be performed or not to be performed . . . as the result of the payment of said sum." *Wellborn,* supra at 524 (1) (c).

The indictments were upheld in those opinions and in *Humphrey*, supra, where the language of the indictment closely parallels the language in the indictment sub judice. "The indictment is basically couched in the terms of the statute and adequately puts the defendant on notice that he is accused of the crime of bribery. It alleges a particular date and person [to] whom the alleged bribe was [given] for the purpose of influencing [the deputy sheriff] in the performance of his duties. . . . This meets the test of the law and is sufficient." *Humphrey*, supra at 860 (III). Accordingly, the trial court erred by granting appellee's demurrer.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1989.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellant.
*John J. Ossick, Jr.,* for appellee.