27676.  WIMS *v*. THE STATE.

DECIDED SEPTEMBER 7, 1939.

*Robert Culpepper Jr.,* for plaintiff in error.
*Carl E. Crow, solicitor-general, Frank S. Twitty,* contra.

BROYLES, C. J.  The defendant was convicted of the offense of voluntary manslaughter.  Her motion for new trial, containing the general grounds only, was overruled, and she excepted.  On the trial she introduced no evidence, but made a statement in which she admitted cutting and killing the deceased, without intending to do so, and stated that the deceased attacked her first, hitting her with a brick, biting her on the shoulder, and threatening to kill her.  It is well settled that the jury have the right to believe parts of a defendant's statement and to disbelieve other parts.  The evidence for the State and parts of the defendant's statement authorized the jury to find that there was a mutual intent to fight by the defendant and the deceased; or that the defendant cut the deceased in the neck with a pocket-knife, under a sudden and irresistable passion caused by the assault upon her made by the deceased, and that the cutting of the deceased by the defendant was done with the intent to kill.  "While there can be neither murder

nor voluntary manslaughter without an intent to kill, yet where the weapon used was a pocket-knife, and the defendant stabbed the deceased in the neck with it, an intent to kill may be presumed." *Johnson* v. *State,* 4 *Ga. App.* 59 (3) (60 S. E. 813). The verdict was authorized by the evidence and portions of the defendant's statement, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*